FRANKLIN STARR, and AUGUSTUS STARR, Appellants, *v.* ROLLIN RICHMOND, Appellee.

### APPEAL FROM MADISON.

Where a creditor receives money before it is due, on a demand drawing interest, such payment, in the absence of all agreement to the contrary, should be applied to the extinguishment of the principal.

The rule is different after both the principal and interest become due.

THIS suit was instituted by the appellee against the appellants and Kate Starr, wife of said Augustus, by bill to foreclose a mortgage.

The bill is in the usual form, and process was issued, and defendants brought into court to May term, 1862.

At the May term, 1862, default of the appellants was taken, and bill exhibited, and note referred to the master to compute amount due on same.

On the 27th of May, the master made his report of amount due as follows :

| | | |
|---|---:|---:|
| Principal of note, - - - - - - - - - - - | $4,000 | 00 |
| Interest at ten per cent. from Aug. 1, 1855, to 10th Nov. 1857, - | 509 | 86 |
| | $4,509 | 86 |
| Payment Nov. 10, 1857, - - - - - - - - - | 2,091 | 16 |
| | $2,418 | 70 |
| Interest from Nov. 10, 1857, to May 27, 1862, at 10 per cent., - | 1,099 | 82 |
| Amount due complainant on said note and security of said mortgage, | $3,518 | 52 |

To which report the appellants excepted, for the reason that the master had mistaken the law as to the mode of computation of said interest.

The note and indorsements are made a part of the record by bill of exceptions as follows :

$4,000. ————, ILLS., Madison county, Aug. 1, 1856.

Four years after date we jointly and severally promise to pay to the order of E. S. Hull, four thousand dollars, for value received, with interest at ten pr ct. pr annum until paid.

(Signed) FRANK STARR.
AUGUSTUS STARR.

Starr et al. *v.* Richmond.

Indorsed :

Pay to the order of Dr. M. P. Breckinridge.

E. S. HULL.

ALTON, November 10th, 1857.
   Received on the within note two thousand and ninety-one and sixteen one-hundredths dollars (2,091 16-100).

Pay to the order of S. Tomlinson.

M. P. BRECKINRIDGE.

Pay to the order of Rollin Richmond. ˙

S. TOMLINSON.

The defendants insisted that the mode of computing said interest should have been as follows :

| | |
|---|---:|
| Calculation on the sum of $4,000 to day of payment, - - - | $4,000 00 |
| From August 1, 1856, to November 10, 1857, at 10 per cent., - | 509 86 |
| Then deducting payment from the principal sum, - - - - | 4,000 00 |
| Payment November 10, 1857, - - - - - - - - | 2,091 16 |
| Leaving balance, - - - - - - - - - - | $1,908 84 |
| Interest on balance from 10th November, 1857, to 27th May, 1862, time of report, - - - - - - - - - - | 867 98 |
| Amounting to the sum of - - - - - - - - | $2,776 82 |
| Add interest accrued before payment, - - - - - - | 509 86 |
| Leaving balance due of - - - - - - - - - | $3,286 68 |
| Being an error of - - - - - - - - - - | 231 84 |

Which errors the defendants prayed the court to correct, or refer the same to the master for true computation according to law.

The court overruled the exception, to which defendants excepted, and the court gave a decree for complainant for the sum of $3,518.52, and that the defendants be foreclosed, etc.

The errors assigned are as follows :

The court erred in overruling the exception to the master's report.

The court erred in approving the master's report.

The court erred in entering a decree against the appellants to pay the said $3,518.52, or stand foreclosed.

And they pray that the decree be reversed, etc.

SETH T. SAWYER, for Appellants.

The only question presented in this case is as to the correct-

ness of the manner of computing the interest on the note and mortgage set out in the record.

The payment being made upon the note long before the note or any of the interest became due, the presumption is, that it was paid upon the principal, as that was bearing interest.

The rule laid down by Chief Justice McKean was, " The rule of computing interest must be such that the interest of money paid before the time must be deducted from the interest of the whole sum due at the time appointed by the instrument for making payment. *Tracy* v. *Wycoff*, 1 Dall. 124 ; *Kessam & Hazard, Ex'rs*, v. *Burrall*, Kirby, 326 ; *Dean* v. *Williams*, 17 Mass. 417 ; *Connecticut* v. *Jackson*, 1 Johns. Ch. 13—18 ; *Meredith* v. *Banks*, 1 Halstead, 408 ; *Williams et al.* v. *Hoghtlington & Revier*, 3 Cow. 86.

In this last case, a note by Judge Thompson lays down the rule, and refers to the rules adopted in several States.

DAVIS, for Appellee.

WALKER, J.  When the payment in controversy was made, neither principal nor interest of the debt was due.  Nor did the maker of the note exercise his right to appropriate it to either.  The holder also failed, when he indorsed the payment on the instrument, to specify whether it was to apply on the one or the other.  In the absence of any positive proof, or any thing specific, it leaves the intended application to inference, or the law to make it.

The holder of the note was not bound to receive a partial payment on the debt, nor was the maker then bound to pay any portion of the note.  It was both voluntarily made and received by the parties, independent of any legal obligation. The use of the money was doubtless worth to either of them the interest the note was drawing.  If it had not been to the holder, he would not have been willing to receive it until it was due.  Nor can it be inferred, that the maker would be inclined to pay a debt not due, drawing no interest, in prefer ence to one that was.  It would seem the rule, that of two debts due, one drawing interest and the other not, when the

law has to make the application, that it must be applied to that which draws no interest, cannot be applied in this class of cases.

It appears to be more equitable and just, that when the holder receives money before it is due, on a demand drawing interest, that it should be applied, in the absence of an agreement to the contrary, to the principal. Otherwise, by loaning the sum thus received, he would, in effect, compound the interest, or have placed at interest before its maturity, a larger sum than his original claim. In other words, he would receive interest on the maker's money as well as his own. After the principal and interest both became due, it would be otherwise. The court below, we think, erred in applying any portion of the payment made before the maturity of the note, to the extinguishment of interest, but should have appropriated the whole of the payment to the principal. The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*