### BASSETT vs. McDONEL and others.

Where a mortgagor, subsequently to the execution of the mortgage, agreed to pay a higher rate of interest than was therein stipulated for, the mortgagee had no lien upon the mortgaged premises for such additional interest, as against a third party who purchased the same before such agreement was made, or after it was made, but without notice thereof.

To a complaint in a foreclosure suit, which set up an agreement after the execution of the mortgage, for the payment of a higher rate of interest than was therein stipulated for, A answered that he had purchased from the mortgagors a part of the premises covered by the mortgage, without knowledge of such agreement for additional interest, and insisted that the residue of the premises, still held by the mortgagors, should be first sold for the payment of the mortgage debt, and that the portion held by him should be adjudged free of any lien for such additional interest; and B, one of the mortgagors, answered that he and C, the other mortgagor, had made partition of such residue, and that he had paid nearly the whole of his share of the mortgage debt, and insisted that C's portion of the premises should be first sold for satisfaction of C's share of the mortgage debt. *Held*, that on proof of the facts alleged in their answers, A and B would be entitled to the relief claimed therein.

*Held*, also, that it was erroneous for the court, without any trial of the issues raised by such answers, to grant an *ex parte* order of reference, to compute the amount due, &c., as in case of default.

*Held*, also, that where such order of reference directed the referee to take proof of the facts set up in the complaint and answers, the defendants who had answered were at least entitled to notice of the time and place of taking testimony in the case.

*Held*, also, that when the order of reference did not direct such notice to be given, and the referee's report merely stated the amount computed to be due (including therein the additional interest so agreed to be paid), it was error for the court, upon the filing of said report, to render judgment for the whole amount so reported due, and direct a sale of the whole of the mortgaged premises, without providing for the sale thereof in parcels in any particular order.

APPEAL from the Circuit Court for *Walworth* County.
This was an action to foreclose a mortgage executed by the defendants *McDonel* and *Graham*, to secure two promissory notes made in March, 1856, and payable on the 1st of January of the years 1857 and 1858, respectively, " with interest." The complaint alleges, among other things, that on or about the days when the notes were respectively made payable, the defendants agreed with the plaintiff, in writing, to pay 12 per cent. interest on so much as remained unpaid upon each after it fell due. The defendants *Shiells* and *McDonel* filed answers, the substance of which is stated in the opinion of this court. The circuit court, on motion of the plaintiff, made an order referring the cause to a referee, to take proof of and compute the amount due to the plaintiff, and to take proof of the facts stated in the complaint and the answers of *Shiells* and *McDonel*, &c. The referee reported the amount due, including therein interest at 12 per cent., as claimed in the complaint; and the court thereupon directed judgment to be entered for the sum so reported due, and for a foreclosure of the equity of redemption, and a sale of the whole of the premises, without any provision for selling the same in parcels, in any particular order. From this judgment the defendants *Shiells* and *McDonel* appealed.

*Edson Kellogg*, for the appellants, contended that the court erred in making the order of reference (Rule 30 of circuit court rules; 2 Monell's Pr., 227); that if the reference were proper, the order should at least have provided that the appellants should have notice of the time and place of hearing (2 Monell's Pr., 226—230); that the court erred in ordering judgment upon the referee's report, because it appears therefrom that no proof was taken of the facts stated in the complaint and answers (2 Monell's Pr., 229), and for other reasons; and that the judgment was erroneous because it was for the whole amount reported due by the referee, including interest which the mortgagors agreed to pay after the mortgage was executed, and which did not constitute a lien upon the land, at least as against the defendant *Shiells* (*Faure vs. Winans*, Hopk., 283), and because it did not direct the sale

of the mortgaged premises in parcels and in proper order. *Ogden vs. Glidden*, 9 Wis., 46.

*N. S. Murphy*, for the respondent:

All presumptions are in favor of the judgment, and to impeach it the appellants must show error. *Shaw vs. Shaw*, 8 Wis., 168. This court must presume, since no case is settled, that the appellants were present, by their attorney, on the hearing before the referee, and that the respondent made out his case to the satisfaction of the referee and court, by legal and competent testimony. *Meyer vs. The Town of Prairie du Chien*, 9 Wis., 233; *Weeks vs. School District*, 8 Wis., 166; Code, § 191. In such cases this court will presume that the finding of the court below was authorized by the evidence. *Smith vs. Lavin*, 8 Wis., 265; Session Laws, 1860, 248, § 11. The power of the court to order a reference to take testimony is unquestionable. This order protects the appellants by ordering the referee to take proof of the facts stated in their answers, which this court *must presume he did*, and that the hearing before referee was regularly brought on.

April 10.     *By the Court*, COLE J. As we understand this case, the answers of *Shiells* and *McDonel* raised material issues, which should have been tried and disposed of before judgment of foreclosure and sale was rendered. *Shiells* claims in his answer to be a subsequent purchaser of a portion of the mortgaged premises, and insists upon his right to have them sold in the inverse order of alienation. He further claims that the supplemental agreement of the mortgagors to pay 12 per cent. interest on all sums due and unpaid on the mortgage on the 1st of January, 1857, has no effect as to him, and could not become a lien upon the premises purchased by him. If he bought before this agreement to pay additional interest, or afterwards, without any notice of it, we cannot see but this portion of his answer must prevail.

Again, *McDonel* claims that he and *Graham* have made partition of the mortgaged premises; that he has paid nearly his share of the mortgage debt, and therefore insists that *Graham's* portion should first be sold. Now all these matters are left undisposed of, and the ordinary judgment of

foreclosure and sale was rendered.   It seems there was an
ex parte order of reference to compute the amount due, as in _____.
ordinary cases of default.    This was improper practice in
view of the matters set up in the answers.   It is insisted that
by the order of reference, the referee was required to take
proof of the facts stated in the complaint and answers, as
well as compute the amount due ; and that we must pre-
sume the referee complied with the order.    But his report
is utterly silent as to the facts stated in the answers.   It does
not state that he took any proof offered to sustain them, or
that he gave the appellants any opportunity to bring for-
ward their testimony to support the answers.   Indeed the
cause seems to have proceeded to judgment in the same
manner as though no answers had been filed.   If this · prac-
tice can be sustained, we cannot see why it might not be
under all circumstances, however good and sufficient a defense
a party might have in a foreclosure case.   No attention is
paid to the answer ; an order of reference is made ; the ref-
eree reports the amount due; no notice is given to the de-
fendant for taking proof, nor any opportunity to make his
defense.   If the referee was required to take proof of the
facts stated in the answer, the appellant should have had
some notice as to the time and place when testimony would
be taken.   If the answer of McDonel was sustained, then by
the decision in Ogden vs. Glidden, 9 Wis., 46, he had a right
to have Graham's portion of the premises first disposed of to
satisfy the judgment.   And Shiells, of course, being a subse-
quent purchaser of a portion of the premises, could insist
upon the property being sold in the inverse order of aliena-
tion.

   We think the judgment must be reversed, and the cause
remanded, with directions properly to determine the facts
set up in the answers, and enter a judgment thereon in con-
formity to this decision.

   · Judgment reversed, and cause remanded for further pro-
ceedings · according to law.