Lash v. Edgerton et al.

ISRAEL G. LASH

*vs.*

CHAS. A. EDGERTON et al., executors, &c.

F. executed to E. his note for $1000, drawing interest at 3 per cent. per month, also a mortgage conditioned for the payment of $1000, according to the conditions of the note, but the mortgage contained no express reference to the interest. At the same time F. also turned over to E. the note of a third person as a collateral to secure *the* $1000 *note* above mentioned, and the collateral not being paid, judgment was recovered upon it. This judgment was assigned to E., " to stand as collateral security in the place and stead of the note upon which the same had been so rendered, for the payment of the balance due on the aforesaid mortgage indebtedness, and not otherwise." No specific application of the proceeds of the judgment was made by F. or E. to payment of principal or interest of the $1000 note. *Held*, That as between F. and E. the mortgage secured the principal of the note and interest thereon, according to its terms, till maturity, and afterward at seven per cent. per annum. *Held*, further, that as against the mortgagee of a second mortgage executed by F., the law will apply the proceeds of the judgment first to the payment of the interest on the $1000 note.

The plaintiff in this action claimed to be the owner in fee simple under title by purchase upon foreclosure of a mortgage executed to him by one Folsom. Defendants also claimed title to the same premises, by purchase at the sale upon foreclosure of a prior mortgage, executed by said Folsom to their testator. The plaintiff alleging that this prior mortgage had been fully paid and satisfied before foreclosure,

Lash v. Edgerton et al.

brought this action in the District Court for Washington county, to quiet his title and have the foreclosure proceedings under said prior mortgage declared void, and the certificate of sale canceled. Issue was joined and the cause tried before a referee. The referee after finding the facts, found, among among other things, as a conclusion of law, that the plaintiff was entitled to the relief sought, and judgment was entered pursuant to such finding. The defendants appeal therefrom to this Court, insisting that the facts found do not support the conclusions of law arrived at by the referee. The facts as found by the referee appear in the opinion of the Court.

GASTON & LEWIS for Appellants.

I.—That the referee in this action erred in his findings as conclusions of law. "That as against the plaintiff there was nothing due on said Gurdon H. Edgerton mortgage at the time of the said foreclosure thereof, no part of the $1200 paid as aforesaid on the note of $1000 being applicable as to the plaintiff, to the payment of any interest, accruing before the maturity of said last named note."

II.—As between Folsom, the mortgagor, and Edgerton, his mortgagee, Edgerton could have legally claimed; that in order to fully pay, or satisfy his said mortgage at its maturity, the said note must be fully paid, not only the principal, but also the $640 of interest which had then legally accrued on it.

III.—Plaintiff in this case does not aver or show any peculiar or superior equities in his favor, nor that he stands in any better position than Folsom, his grantor; he asks relief solely on the ground that Edgerton's mortgage and the indebtedness and interest thereby secured had been fully paid and satisfied, not as to himself only, but absolutely, and as to every person.

IV.—Plaintiff does not aver or show that he is entitled to relief as a *bona fide* purchaser, because he does not aver nor show that he did not have notice of Edgerton's rights; nor does he aver or show that he paid or parted with any valuable consideration at the time he took title to the land. 1 *Johns. Ch. Rep.*, 302, 575; 2 *Johns. ib.*, 157; *Minor vs. Willoughby et al.*, 3 *Minn.*, 237; 2 *leading cases in equity*, 62, 92, 104.

V.—If Folsom, the mortgagor, could not legally have insisted that Edgerton's said mortgage was fully paid and satisfied, before that the interest which had accrued on said note before its maturity had been fully paid, then plaintiff in this case cannot so insist.

VI.—Even if plaintiff had averred and shown himself to be a *bona fide* purchaser, or that the interest which had accrued on said note before its maturity was not secured, as well as the principal by said mortgage, defendants ought, notwithstanding, to recover in this case, because,

*First*—It appears that at the time Lash took title from Folsom, no part, either of principal or interest, of said Edgerton note had been paid; and it is admitted that the principal of said note was then a lien on said land in the hands of Lash, and that at the same time Folsom was further justly indebted to Edgerton to the amount of the interest which had then legally accrued on said note; such being the case, Folsom certainly had the right to pay said interest, and Edgerton to receive it, even though he had not paid the principal of the note, nor any part of it; Lash had no right to complain; it could place him in no worse position than if such payment had not been made.

*Second*—Folsom had a right to make a payment generally upon the note, in which case Edgerton, the creditor, had a right to make the application, first, to liquidate the interest then legally due on the note, and to apply the balance to the

principal.   It is a familiar principle, that when a payment is
made upon a note, it shall be applied first to the interest then
due, and then to the principal ; and it is a principle equally
familiar, that a debtor has the right to make the application ;
but if he do not, then the creditor has that right.   2 *Parsons
on Contracts*, 141, *et seq.; 5 Cow.*, 331 ; 3 *Ib.*, 86 ; 11 *Paige*,
619.

VII.—Upon the facts found, the judgment of the Court
below in this case ought to be reversed, and judgment ren-
dered for defendants by this Court.


Allis, Gilfillan & Williams for Respondent.

I.—There is nothing in this case to make it necessary for
plaintiff to aver or show that he had no notice of defendant's
claim, that the mortgage was for more than appeared on the
records, for the pleadings do not set forth any such claim.

The referee also finds that plaintiff had no actual notice of
such claim.

II.—Neither Folsom nor G. H. Edgerton made any appli-
cation of the money paid..   As to plaintiff, the law will apply
it to payment of the mortgage as it appeared of record.   See
*Whitacre vs. Fuller*, 5 *Minn.*, 508.

III.—Even as between the parties to it, the mortgage of G.
H. Edgerton, not expressing that it was for interest, bore no
interest until default.


*By the Court*—Berry, J.—The referee before whom this
action was tried finds as matters of fact : that on and prior to
the 31st day of October, 1856, S. P. Folsom was owner in fee
simple of certain lands, and on said 31st day of October exe-
cuted and delivered to G. H. Edgerton a mortgage thereon,
" conditioned that if the said Simeon P. Folsom should pay

or cause to be paid to said Gurdon H. Edgerton, his heirs, executors, administrators or assigns, the sum of two thousand two hundred and eighty dollars, according to the conditions of two promissory notes, one for the sum of twelve hundred and eighty dollars, due on the 11th day of August, A.D. 1857, and one for the sum of one thousand dollars, due in twenty-one and one-third months from the date thereof, both of said notes bearing even date with said mortgage, then the said mortgage to be null and void, otherwise to be of full force and effect," and that said mortgage was duly recorded; "that on or about the said 31st day of October, A. D. 1856, in consideration that the said Gurdon H. Edgerton had loaned to the said Simeon P. Folsom the sum of two thousand dollars, and to secure such loan the said Simeon P. Folsom made, executed and delivered to the said Gurdon H. Edgerton his two certain promissory notes in writing, bearing date of that day; by the terms of one of said notes the said Simeon P. Folsom promised to pay to the order of the said Gurdon H. Edgerton, on the 11th day of August, 1857, the sum of twelve hundred and eighty dollars; and by the terms of the other of said notes he did promise to pay to the order of said Gurdon H. Edgerton, twenty-one and one-third months from the date thereof, the sum of one thousand dollars, with interest at the rate of three per cent. per month, payable annually, and with interest after maturity at the rate of five per cent. a month until paid; which said two promissory notes are the same notes referred to in said mortgage, and to secure the payment of which the said mortgage was so made and executed, but in which said mortgage the said notes were not described further or otherwise than as hereinbefore set forth in the condition of said mortgage, and it did not appear from said mortgage that said notes or either of them were given with interest:

Lash v. Edgerton et al.

that to further secure the notes last aforesaid, at the time of the aforesaid loan, and of the giving of the said notes and mortgage, and as part of the same transaction, the said Simeon P. Folsom turned over to said Gurdon H. Edgerton two certain promissory notes, bearing date the 11th day of August, A. D. 1856, made by Isaac A. Banker and Wm. E. Beal, and one Ezra Banker, as surety, payable to the order of said Simeon P. Folsom, the one due August 11, 1857, on which there was due, at its maturity, by the terms thereof, for principal and interest, the sum of twelve hundred and eighty dollars, and the other due and payable the 11th day of August, A. D. 1858, for the sum of one thousand dollars, with interest thereon, from its date until paid, at one per cent. per month; that on the 11th day of August, 1857, the said Banker and Beal note, maturing as aforesaid on that day, was paid, and the proceeds thereof were duly applied, by the said Gurdon H. Edgerton, in payment of the said twelve hundred and eighty dollar note, described as aforesaid in the said mortgage, and paid the same in full; that afterwards, and on or about the 31st day of August, A.D. 1858, the said Isaac A. Banker duly confessed a judgment in this court, in favor of the said Simeon P. Folsom, upon the said Banker and Beal note, for one thousand dollars, and interest, as aforesaid, maturing, as aforesaid, on the 11th day of August, A.D. 1858, and the said judgment was thereupon duly rendered and docketed in this court, in favor of said Simeon P. Folsom, and against said Isaac A. Banker, on said 31st day of August, 1858, for the sum of twelve hundred and fifty-five and 11-100 dollars, and which said judgment, so rendered and docketed, was then and there duly assigned and transferred by said Simeon P. Folsom to said Gurdon H. Edgerton, to stand as collateral security, in the place and stead of the note upon which the same had been so rendered,

for the payment of the balance due on the aforesaid mortgage indebtedness, and not otherwise: that afterwards an execution was duly issued on the aforesaid judgment, and there was made thereon, over and above the costs and expenses of said collection, the sum of eleven hundred and three and 80-100 dollars, which sum was duly paid over to the said Gurdon H. Edgerton, through his attorneys, on the 6th day of November, A. D. 1858; and that afterwards and on or about the day and year last aforesaid, the said Isaac A. Banker paid to said Gurdon H. Edgerton the further sum of ninety-six 20-100 dollars, on the aforesaid judgment, making the total sum paid thereon, on or about the date last aforesaid, to said Gurdon H. Edgerton, of twelve hundred dollars; that said writ of execution was returned to this Court by the officer to whom the same was directed and issued, with no other or further return thereon than the statement of the collection under a levy and sale of certain personal property, of the aforesaid sum of eleven hundred and three and 80-100 dollars, besides his costs and and fees, and the payment thereof to the said Gurdon H. Edgerton as aforesaid; that afterwards G. H. Edgerton died, having appointed defendants his executors, who qualified and proceeded to act as such; that on the 25th of February, 1864, the said mortgage indebtedness being unpaid except as already stated, the defendants did foreclose the mortgage by advertisement, claiming in the notice of sale that there remained due and unpaid on the mortgage six hundred and thirty-nine dollars; that the premises were struck off to defendants for six hundred and fifty dollars, and the usual certificate executed and recorded, and that no redemption has ever been made; that on the 25th day of October, 1858, S. P. Folsom executed and delivered to plaintiff a mortgage on the same premises to secure a bond for thirteen hundred dollars and interest, which

mortgage was duly recorded and foreclosed in the District Court of the United States, and in pursuance of the decree rendered, a sale was had, and a master's deed executed and delivered to the plaintiff; which sale was duly confirmed."

It will be seen that the referee finds that the $1,280 note secured by the mortgage to G. H. Edgerton was paid at maturity. The questions raised in this case relate solely to the second note. It is found that the $1,000 note made by Banker was " turned over " to G. H. Edgerton " *io further secure the note* " given by Folsom to Edgerton, that is, as security additional to the mortgage, and that this was done *at the time* of the loan by Edgerton to Folsom, and of the giving of the said note and mortgage, and *as part of the same transaction.* It is further found that the judgment recovered on the $1,000 note given by Banker was duly assigned and transferred to G. H. Edgerton " to stand as collateral security in the place and stead of the note upon which the same had been so rendered, for the payment of the balance due on the aforesaid mortgage indebtedness, and not otherwise." As between Folsom and Edgerton, the mortgage secured the principal of the $1,000 note and interest thereon, according to the terms thereof, till its maturity, and afterward at seven per cent. per annum. *Whitaker vs. Fuller,* 5 *Minn.,* 515. As between them such principal and interest were the mortgage indebtedness. Lash, the plaintiff, who claims as a second incumbrancer, insists that he had no notice of the amount of the indebtedness secured by Edgerton's mortgage except what appeared upon the record, which makes no express mention of interest. But this state of facts does not show any equities which give him a right to insist that the proceeds of the judgment spoken of should be applied first to the payment of the principal of the $1,000 note.

We see no reason why, upon this finding, this judgment

did not stand upon precisely the same footing as the note upon which it was rendered, and *that* note was turned over to Edgerton, not to secure what upon the face of the mortgage or the record thereof might appear to be due to Edgerton, as against a subsequent incumbrancer, but to secure the *notes* mentioned in the mortgage, whatever they might be, and without reference to the description of them found in the mortgage. This being the case, it was proper to apply the proceeds of the judgment to the payment *pro tanto* of the $1,000 note given by Folsom to Edgerton, which remained unpaid.

It does not appear that Edgerton or Folsom made any specific application of the proceeds of the judgment either to payment of the principal or interest of the $1,000 note last mentioned. When a payment made by a debtor is not applied to the liquidation of any particular indebtedness by the debtor or the creditor, the law applies it; (*Solomon vs. Dreschler,* 4 *Minn.,* 281); and when the indebtedness consists of a principal and the interest thereon, the law applies the payment first to satisfy the interest. *Connecticut vs. Jackson,* 1 *J. C. R.,* 13; 1 *Am. Lea. Ca.,* 140, *and notes ;* 2 *Gr. Ev.,* *Secs.* 530, 533; 2 *Parsons on Contracts,* 5th *Ed.,* 635. Making the application in that way in this case, there remained due upon the mortgage as much as the amount claimed in the defendant's notice of foreclosure; and as no question is made about the regularity of their foreclosure, and there was no redemption, their title, so far as anything appears in this case, is good, and the plaintiff cannot have the relief which he seeks.

The doctrine is supported by a great weight of authority, that when a debtor makes a general payment, and his indebtedness is in part secured, and in part unsecured, the law, in the absence of any specific appropriation by the parties, will apply the payment first to the liquidation of the unsecured

indebtedness.  *Upham vs. Lefavour*, 11 *Met.*, 184 ; 2 *Parsons on Contracts*, 5th *Ed.*, 631, *and note y ; Field vs. Holland*, 6 *Cranch*, 8 ; 1 *Am. Lea. Ca.*, 126, *and notes ;* 2 *Gr. Ev., Sec.* 533.  If, as the plaintiff contends, the mortgage to Edgerton secured only the principal of the notes, leaving the interest unsecured, then it would seem that this rule applied to this case would also appropriate the proceeds of the judgment before referred to, to satisfy the interest on these notes first.

The judgment is reversed.