May Term,
1832.

WASSON
v.
GOULD.

---

## WASSON v. M. GOULD, Executrix, and Another.

An answer in chancery acknowledged the receipt from the complainant, of an assignment of property in part payment of the defendant's demands against him; but the answer also stated that the defendant had afterwards cancelled the assignment. *Held*, that the defendant's statement in the answer, that the assignment had been cancelled, was no evidence for him of that fact.

In a suit either at law or in equity against two partners, the individual demand of one of the defendants against the plaintiff, is not a proper subject of set-off. When a payment in part of a demand is made, and the payment exceeds the interest then due, the payment is applied in discharge of the interest, and the surplus goes to the credit of the principal. But if the payment is less than the interest due, the principal remains on interest until payments exceeding the interest are made, and then the payments are applied as above-mentioned.

May Term, 1832.

WASSON v. GOULD.

THIS was a suit in chancery transferred from the *Sullivan* Circuit Court, in consequence of the interest of the Circuit Judge.

Monday, May 28.

BLACKFORD, J.—An action at law was commenced in the *Sullivan* Circuit Court by *Mary Gould*, executrix of *Orchard Gould*, against *James Wasson* and *George A. Wasson*, surviving partners of the firm of *Wassons & Sayre*. The suit was founded on two promissory notes of 1,000 dollars each, payable to *Orchard Gould*, and on a demand for money lent by him to the firm of *Wassons & Sayre*. *James Wasson* on whom alone the process was served, the other defendant being a non-resident, filed a bill in chancery against *Mary Gould*, executrix, and *George A. Wasson*. The bill prays a discovery; that an account be taken of the partnership concerns; and that the suit at law of Mrs. *Gould* be enjoined. The defendants filed their separate answers to the bill. It appears that *George A. Wasson* had conveyed his interest in several tracts of land, belonging to the firm of *James & George A. Wasson*, to Mrs. *Gould* as a collateral security for her demands against them; but that, during the pendency of this suit, those lands or their proceeds have come into the hands of *James Wasson*, by virtue of an order of the Circuit Court. The accounts between the parties were, by consent, referred for examination and adjustment to commissioners, appointed by the Court. At this stage of the proceedings, the cause was transferred to this Court, in consequence of the interest of the Circuit Judge. To the report of the commissioners, which has been recently made, the defendant, Mrs. *Gould*, makes several exceptions; and the cause is submitted by the parties, for a final decree upon the merits.

The first, third, and fourth exceptions are to two separate charges against Mrs. *Gould* of 350 dollars each, and to one of 218 dollars and 80 cents. The facts relative to these charges are the following:—*George A. Wasson*, one of the firm of *James & George A. Wasson*, was the owner in his own right and the

occupant of a house and two lots in the town of *Carlisle*. This property he sold to Mrs. *Gould* in her own right for 500 dollars. Of the consideration-money, 150 dollars were applied to the payment of a debt due to Mrs. *Gould* from the vendor. For the remaining 350 dollars, she gave him an order on Mrs. *Wasson*, resident in the state of *Connecticut;* which order was accepted and paid. Mrs. *Gould* afterwards gave her own note to Mrs. *Wasson* for this 350 dollars; and the same, at Mrs. *Wasson's* death, constituted a part of her personal estate. By Mrs. *Wasson's* will, one-third of her real and personal estate was bequeathed to George *A. Wasson;* and he, directly afterwards, conveyed all his interest in the estate to Mrs. *Gould,* as a collateral security for the debt due to her as executrix, from himself and *James Wasson.*

According to this statement of the facts, Mrs. *Gould* must be considered liable for the one-third part of the personal, as well as for one-third part of the real estate of Mrs. *Wasson,* conveyed to her by George *A. Wasson.* The one-third part of the personal estate thus assigned, as stated by the commissioners, consisted of the note of 350 dollars executed by Mrs. *Gould,* and of the further sum of 218 dollars and 80 cents. Mrs. *Gould,* it is true, alleges in her answer, that she afterwards cancelled this assignment of the personal estate. But, without stopping to examine the effect of the cancelling of the assignment, it is sufficient to observe that there is here no evidence of the fact. The cancelling of the assignment, after it had been received, is a distinct matter in avoidance, and of which fact the answer is no evidence. *Hart* v. *Ten Eyck,* 2 Johns. Ch. Rep. 62 (I). Besides, Mrs. *Gould* expresses in the answer her willingness to account for this personal property. The commissioners were therefore right in charging Mrs. *Gould* with the amount of the note of 350 dollars, set apart by the will as a part of *George A. Wasson's* share of the personal estate of his mother; and with the sum of 218 dollars and 80 cents, the residue of his share in that estate. The other charge of 350 dollars is evidently wrong. This mistake of the commissioners arose from their supposing, that 350 dollars of the proceeds of the property at *Carlisle,* sold by George *A. Wasson* to Mrs. *Gould,* ought to be credited on the notes in her hands, as executrix, against *James & George A. Wasson.* No such credit, however, can be claimed by *James Wasson.* The house and lots in *Carlisle* did not belong

to the partnership. They were the individual property of George *A. Wasson;* and he had a right to sell them to whom he pleased.

There is an exception to a charge of 200 dollars against Mrs. *Gould,* which must be sustained. This charge is for personal property left with her by George *A. Wasson,* to whom alone it belonged. It is altogether unnecessary to inquire into the circumstances connected with this property. The subject belongs to the individual transactions between Mrs. *Gould* and George *A. Wasson.* This separate liability, if there was any, could not be a subject of set-off either at law or in equity, were Mrs. *Gould* suing the partnership for a demand in her own right. *Dale* v. *Cooke,* 4 Johns. Ch. R. 11: *a fortiori,* it cannot be a matter of set-off when she is claiming a debt from the partnership, due to her only in the character of an executrix.

The last exception to the report, is as to the mode by which the commissioners have calculated the interest. They have permitted the notes and accounts due to the executrix to continue on interest, and have computed interest on the payments as they were successively made. This mode of computing interest, adopted by the commissioners, is not the correct one in cases like the present. It subjects the creditor to a loss that he ought not to bear. *Stoughton* v. *Lynch,* 2 Johns. Ch. R. 209. The following is the language of Chancellor *Kent* on this subject:—"The rule for casting interest, where partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance of principal as aforesaid." *The State of Connecticut* v. *Jackson,* 1 Johns. Ch. R. 13. The rule of computing interest laid down in the case last cited, has been already adopted by a decision of this Court. *Harvey* v. *Crawford, May* term, 1827 (2).

We have changed the report of the commissioners, so as to make it accord with the principles which ought to govern this

May Term, 1832.

case. The result of our investigation of the various accounts and demands between these parties is, that the executrix is entitled to a decree against *James Wasson*, one of the surviving partners of the firm of *Wassons & Sayre*, for the sum of 1,216 dollars and 73 cents.

We have not examined into the partnership accounts, existing between *James & George A. Wasson*, and referred to in the bill. They have not, in our opinion, any thing to do with the merits of the controversy between the executrix of *Orchard Gould* and the surviving partners of *Wassons & Sayre*. The bill, therefore, as to *George A. Wasson* is dismissed but without prejudice.

*The Court* rendered a decree accordingly, with costs, &c.

*S. Judah*, for the complainant.

*J. Farrington*, for the defendants.

(1) *Green et al.* v. *Vardiman et al.* Vol. 2, of these Rep. 324.
(2) *Dean* v. *Williams*, 17 Mass. 417, accord.