MARKEL's Administrator *v.* SPITLER's Administrator.

MISTAKE.—PAYMENT OF A LESSER FOR A GREATER SUM.—Suit to correct a mistake in the settlement of a claim against an estate, and to recover a balance due thereon. The complaint alleged that the plaintiff had filed a note as a claim against the estate, which had been allowed; that in paying the claim a mistake was made in the computation of interest, and that plaintiff gave a receipt for the amount paid as in full of said claim, whereas, in fact, the further sum of $1,452 was due thereon. The administrator answered, 1. The general denial; 2. Payment before suit; 3. The payment of the sum of $7,174, which was accepted and received in

full satisfaction and discharge of the claim, for which a receipt was given accordingly, and denying any mistake.

*Held,* that as there was no controversy as to the consideration of the note, or the credits thereon, and the estate was solvent, the payment of a less sum than the amount really due was not good, either by way of accord and satisfaction or payment.

*Held,* also, that the receipt was not conclusive, but was open either to explanation or contradiction by parol evidence.

*Held,* also, that the third answer was only good on demurrer by reason of the denial with which it concluded, and, the general denial being in, should have been stricken out, on motion.

DECEDENTS' ESTATES.—WITNESS.—In a suit by A's administrator against the estate of B upon a promissory note executed by B in his lifetime, and to correct a mistake in a settlement made with B's administrator, it was held that the latter was not a competent witness, unless required to testify by the opposite party, or by the court.

COMPUTATION OF INTEREST.—In computing interest, where there have been partial payments, the payments should be applied first to the interest then accrued, and the surplus, if any, to the principal. If the payment be less than the interest due, interest should be computed on the whole principal until the payments exceed the interest.

APPEAL from the *Jasper* Common Pleas.

ELLIOTT, J.—*Jacob Markel,* as administrator of the estate of *Elizabeth Markel,* deceased, filed a complaint against *Thomas J. Spitler,* administrator of the estate of *George W. Spitler,* deceased, to correct an error in the settlement, and to recover the balance due on a promissory note executed by said *George W. Spitler,* in his lifetime, to said *Elizabeth Markel.* The complaint lacks much of being a model in the clearness of its statements, but we gather from it, and an exhibit which is made part of it, the following facts:

That said *George W. Spitler,* in his lifetime, executed to said *Elizabeth Markel* his promissory note for $13,290, which fell due on the 2d of *February,* 1857, on which credits were subsequently indorsed as follows:

1859, *May* 14th......*Cr*................$1,235 11
" *November* 1st, " ................ 5,008 17
" *November* 18th, " ................ 551 36
" *December* 13th, " ................ 980 25

Subsequent to the death of said *George W.,* said *Elizabeth*

filed said note, with the credits so indorsed thereon, as a claim against his estate, in the clerk's office of the Court of Common Pleas of *Jasper* county; that on the 18th day of *February*, 1864, the said administrator of *George W.* marked said claim "allowed," on the appearance docket of said court; that said *Elizabeth* subsequently died, and the plaintiff herein was duly appointed her administrator; that subsequent to the allowance of said claim, the administrator of said *George W.* made the following payments thereon:

1864, *April* 4th,.................  ............$2,306 14
"    *October* 8th,....  ...................  225 74

It is further alleged in the complaint, that on the 16th day of *August*, 1866, a computation was made of the balance due on said note, and that the defendant then paid the plaintiff the sum of $6,840 93, and at the same time agreed to pay the further sum of $333 63, and that, supposing said amounts covered the whole sum that remained due on the note, the plaintiff executed to the defendant a receipt in full of said claim; that since said settlement, the plaintiff has discovered that an error was committed in computing the interest on said note, and that there still remains due and unpaid thereon the sum of $1,452 05, for which he demands judgment.

The defendant filed an answer in three paragraphs:

1. The general denial.

2. Payment before suit.

3. That after the allowance of said claim, the defendant made payments thereon from time to time until the 16th day of *August*, 1866, when he paid to the plaintiff the sum of $7,174 54, which was accepted and received by the plaintiff in full satisfaction and discharge of said claim, for which the plaintiff then gave to the defendant a receipt in full, and the defendant denies that any mistake was made therein. A copy of the receipt referred to, is made an exhibit.

Objections were made to the third paragraph of the answer, first by a motion to strike it out, which was over-

ruled, and then by demurrer, which was also overruled. To both of these rulings proper exceptions were taken.

The plaintiff then replied in denial of the second and third paragraphs. Trial by jury; verdict for the defendant; motion for a new trial overruled, and judgment. The plaintiff appeals.

The overruling of the demurrer to the third paragraph of the answer is the first error complained of. That paragraph seems to have been designed as an answer in accord and satisfaction; but, as such, it is clearly defective. The note was past due. The estate of *Spitler* was not being settled as an insolvent one, and it does not appear that there was any controversy as to the payments that had been previously made on the note, and under such circumstances the payment of a less sum than the whole amount due, cannot constitute a good accord and satisfaction, nor is it a good plea of payment as to the whole sum alleged to be due. Indeed, it does not set up any material matter, not admitted in the complaint, and does not, therefore, confess and avoid the cause of action. It sets up the receipt, which the complaint admits was executed by the plaintiff, but alleges that it was so executed on the erroneous supposition, arising from an error in computation, that the amount stated therein was all that remained due on the note, when in truth, the amount remaining unpaid was much larger than that stated in the receipt. The receipt contains a statement that the amount then paid, as stated therein, $7,174 54, was "in full payment of the claim." The court below seems to have regarded this statement as conclusive on the plaintiff; if so, it was an error. No question is better settled than that a receipt may be explained or contradicted by parol evidence. A material error in any instrument of writing, caused by mistake in fact, may, as between the parties thereto, be corrected. The paragraph, however, concludes by denying that there was any mistake, which, as we understand it, applies to the allegation in the complaint of a mistake in computing the amount due on the note. This

is the material allegation in the complaint, on which the plaintiff rests his right to recover, and the denial of it makes the third paragraph of the answer good on demurrer. The general denial being also pleaded, the court should have stricken out the third paragraph, on motion, but the refusal to do so is not assigned as error. And if it were, the judgment would not be reversed for that error, unless it appeared that it prejudiced the rights of the plaintiff on the trial of the merits.

It appears by a bill of exceptions that the plaintiff, during the trial, offered to prove by a competent witness, that the amount actually paid him by the defendant, on the 16th of *August*, 1866, when the receipt set out in the third paragraph of the answer was given, was only $6,840 91, and not $7,174 54, as stated in said receipt; that the sum actually paid was $333 33 less than the amount so receipted for, and that said difference has never been paid by the defendant, or by any other person for his use. This evidence was objected to by the defendant, and the court sustained the objection, and refused to allow the plaintiff to make said proof, or any part thereof. The ground of objection to the evidence is not stated in the record. No valid objection to it suggests itself to our minds, and we are not favored with any argument in behalf of the appellee. The receipt was only *prima facie* evidence of the amount paid. It was not conclusive. The evidence offered was material to the issue. It was consistent with the facts alleged in the complaint, and, we think, the court erred in rejecting it.

After the evidence for the plaintiff was concluded, the defendant offered himself as a witness in his own behalf, to which the plaintiff objected, but the objection was overruled, and the defendant was permitted by the court to testify, and did testify to matters material in the case. In this, also, the court erred.

The act of 1865, under which the trial was had, declares "that in all suits where an executor, administrator or guardian is a party in a case where a judgment may be

rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator or guardian of such estate."

Here, the defendant was not required to testify, either by the opposite party or by the court; but was permitted to testify at his own instance, over the objection of the plaintiff. The suit was not upon a contract made with the plaintiff as administrator, and therefore the case is not within the exception. The statute making parties to the suit competent witnesses for themselves, is an innovation upon the common law rule, and cannot be extended to cases not fairly within its letter.

One other question is presented by the motion for a new trial, namely, that the finding of the jury is contrary to the evidence. The record contains the evidence, from which it appears that the note in controversy was executed by *George W. Spitler* to *Elizabeth Markel*, on the 8th of *August*, 1856, due six months after the date thereof, for $13,290. It consequently became due on the 8th of *February*, 1857, and not on the 2d of that month as alleged in the complaint. It also appears that payments were made and credited on the note, prior to *August* 16th, the respective dates and amounts of which are as follows:

| | | | | |
|---|---|---|---|---|
| 1859, | *May* 14th...... | *Cr*................. | $1,235 | 11 |
| " | *November* 1st, | "................. | 5,008 | 17 |
| " | *November* 18th, | "................. | 556 | 36 |
| " | *December* 13th, | "................. | 980 | 25 |
| 1864, | *April* 4th, | "................. | 2,306 | 14 |
| " | *October* 8th, | "................. | 109 | 09 |

On the 16th day of *August*, 1866, the defendant presented the note, with the foregoing credits indorsed thereon, to *Simon P. Thompson*, and requested him to make a calculation to ascertain the balance then due on the same. *Thompson* testified that he made the calculation as requested; that he

ascertained the balance by calculating interest on the whole amount of the note, from the date of its maturity to the 16th of *August,* 1866, and added the interest to the principal; he then calculated interest on the respective credits, to the same date, from their respective dates as indorsed on the note, added the interest to the amount of credits, and deducted the total from the total of the principal and interest, which gave, as the balance due, $7,174 54, the same amount for which the receipt was given; that he adopted that principle of calculation by the direction of the defendant.

It was not claimed on the trial that any other payments were made on the note prior to *August* 16th, 1866, than those stated above as being credited on the note. The defendant testified that he paid the whole amount for which the receipt was given, except $300, which the plaintiff was to receive in lands, to be selected by himself, and that he had ever since been ready and willing to execute to the plaintiff a deed for the lands, at their appraised value.

The difference between the parties arises upon the question of the proper application of partial payments upon money obligations after they become due, or when interest is accruing on them. In *Wasson* v. *Gould,* 3 Blackf. 18, the rule of computing interest in such cases is stated to be, " to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. If the payment be less than the interest, the surplus interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal; and interest is to be computed on the balance of the principal as aforesaid."

This rule is extracted from the opinion of Chancellor KENT, in *The State of Connecticut* v. *Jackson,* 1 John. Ch.

13. It is supported by authority and reason, and has been uniformly recognized by this court as the correct one. By the rule adopted in the calculation made in the case at bar, by *Thompson*, upon which the receipt was given, the several payments, instead of being first applied to the interest due, were applied exclusively to the principal, making a difference in the amount due, at the date of the receipt, less the true amount, of over a thousand dollars. The finding of the jury cannot be sustained upon the hypothesis that the plaintiff, by receiving less than the sum due, and executing a receipt therefor in full, should be regarded as having compounded with the defendant. The plaintiff was acting in a fiduciary capacity, and could not, without the order of the proper court, compound the claim. It is not claimed that any such order had been made. The claim was against a solvent estate, and it was admitted to be just; no reason, therefore, existed for such an order. We do not think the verdict of the jury is sustained by the evidence. The court erred in refusing a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial, and for other proceedings not inconsistent with this opinion.

*R. S. Dwiggins, S. P. Thompson* and *W. J. Gridley*, for appellant.