## BISHPLINGHOFF ET AL. *v.* BAUER.

SUPREME COURT.—*Objection to. Evidence.*—The Supreme Court will not consider the question of the admissibility of evidence admitted over objection, when it does not appear that any specific objection to such evidence was pointed out to the court below.

SALE.—*Refusal to Accept Goods.—Conversion.—Statute of Limitations.*—Under a contract for the sale of a quantity of wine, the vender delivered to a carrier, to be transported to the buyer, wine, which on its arrival the buyer refused to accept, because it was not of the quality contracted for, and the buyer, after corresponding with the vender, took the wine from the carrier, and stored it in his cellar, subject to the order of the vender. Said buyer died, and his successor in business sold the wine to other persons.

*Held,* that the property in the wine did not pass to said buyer, the administrator of whose estate would not be liable therefor to the vender; but said successor of the buyer was liable to said vender for the wrongful conversion.

*Held,* also, that the statute of limitations did not commence to run against said vender in favor of said successor of the buyer until the time of the conversion.

From the Marion Superior Court.

*B. K. Elliott* and *A. C. Ayres,* for appellants.

*J. Klingensmith* and *C. Coulon,* for appellee.

DOWNEY, J.—Bauer sued Herman Rickhoff, Elizabeth Rickhoff, John B. Stumph and Herman Bishplinghoff, for the value of certain wine of the plaintiff, which he alleged the defendants had wrongfully converted to their own use.

The answer of Herman Rickhoff and Elizabeth Rickhoff is not in the record. Stumph and Bishplinghoff answered in two paragraphs. The first was a general denial, and the second was, that the cause of action did not accrue within six years next previous to the commencement of the action. There is no reply in the record. There was a trial by the court, a finding for the defendants Herman Rickhoff and Elizabeth Rickhoff, and for the plaintiff as against Stumph and Bishplinghoff for one hundred and seventy dollars.

The defendants Stumph and Bishplinghoff moved the court to grant them a new trial for the following reasons:

1. That the finding of the court is contrary to law.

2. That the finding of the court is contrary to the evidence.

3. The court erred in admitting the evidence of the entries of the books of Frank.

4. The finding of the court is not supported by the evidence.

5. Excessive damages.

This motion was overruled, and there was judgment according to the finding of the court. The defendants Stumph and Bishplinghoff appealed from the judgment of the special term to the general term of the superior court, and there assigned as errors:

1. In finding for the plaintiff and rendering judgment against them for one hundred and seventy dollars.

2. In overruling their motion for a new trial.

3. In admitting evidence of entries in the books of A. Frank.

The judgment at special term was affirmed in the gen-

eral term, and the defendants Stumph and Bishplinghoff appealed to this court.

It is here assigned as error that the general term erred in affirming the judgment at special term.

So far as the first and third assignments of error in the general term are concerned, we need not consider them, as they are merely reasons for a new trial, and not proper assignments of error.

The second assignment of error in the general term, that is, the overruling of the motion for a new trial, brought before the general term all questions properly in the motion for a new trial, and the assignment in this court of error upon the affirmance of the judgment of the special term by the general term brings before us for consideration the same questions that were before the general term.

The first question made by counsel for the appellant is upon the admission in evidence of the entry in the book of one Frank, to whom the wine was shipped by the plaintiff. We do not find that any specific objection to this evidence was pointed out. This was necessary to present any question on appeal. If this rule were not adhered to, one objection might be urged in the trial court, and a different one here, and thus we should be required to decide a question which had not been presented to or decided by the court below. We cannot, therefore, consider the question.

The plaintiff had contracted to sell the wine in question to Frank, and it was shipped, under the contract, by the plaintiff, from Sandusky, Ohio, to Frank, at Indianapolis. Frank had refused to accept the wine, when it arrived at Indianapolis, for the reason that it was not of the quality agreed upon in the contract. Frank, after corresponding with the plaintiff, took the wine from the railroad depot, and stored it in his cellar, subject to the order of the plaintiff. In this condition of affairs, Frank died, and the defendants Stumph and Bishplinghoff succeeded him in business, and in that way came into possession of the wine, which, the evidence tends to show, they sold to other parties. Herman

Rickhoff married the widow of Frank, and thus he became a party to the action, with her.

It is urged that when the wine was shipped at Sandusky to Frank, at Indianapolis, the property in it passed to Frank, and that the plaintiff's claim is against Frank's estate, and not against the defendants Stumph and Bishplinghoff.

We cannot say that the finding of the court was erroneous on this point. Frank never received the wine under the contract. Had the wine corresponded with that purchased, it may be that the position of the counsel for the appellants would be correct. We think it cannot be held that the delivery, by the vender to a carrier, to be transported to the vendee, of goods different from those contracted for, will, despite the refusal of the purchaser to receive them, vest the ownership of them in the purchaser.

It is submitted that, at all events, the cause of action was barred by the statute of limitations. This claim is predicated on the theory that the plaintiff's cause of action accrued when he shipped the wine from Sandusky. If we are right in the views already expressed, this position cannot be sustained. As to the cause of action against Stumph and Bishplinghoff, the position cannot be sustained, for the additional reason that they converted the wine to their use, by selling the same, after the death of Frank, and within six years before the commencement of the action.

The judgment is affirmed, with five per cent. damages and costs.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.