## McCormick et al. *v.* Mitchell.

PLEADING.—*Practice.—Motion in Arrest.*—A motion in arrest of judgment for defects in a complaint reaches such only as are not cured by the finding or verdict, nor waived by failure to demur.

SUPREME COURT.—*Objections to Evidence.—New Trial.*—Where the grounds of objection to the admission of alleged erroneous evidence do not appear by the record, on appeal to the Supreme Court, no question in relation thereto is presented for decision.

CONTRACT.—*Joint and Several.—Sale of Chattels.—Interest.—Partial Payments. —Rule.—Liquidated Damages.*—A., B. and C. executed to D. a written contract for the sale and delivery to the latter, at a certain time and place, for an agreed price, of a specified quantity and quality of chattels, and containing the following conditions, viz.: "For all moneys advanced on said contract, I agree to pay ten per cent. interest. In case I fail to deliver said" chattels, "according to said contract, I bind myself and sureties to pay" to D. "five hundred dollars damages." D. brought suit

thereon against A., B. and C., alleging their failure to comply with the contract, to recover for advances made, interest thereon and damages.

*Held*, that the terms of such contract are clear and definite, and that it is an obligation binding the defendants jointly and severally.

*Held*, also, that, where a partial payment on an obligation is made, the interest then accrued on the principal must first be discharged, and the remainder only, if any, of such payment shall be credited on the principal; but if such payment be less than the interest then accrued, the principal shall remain on interest until the aggregate payments made shall exceed the accrued interest.

*Held*, also, that, upon failure of the defendants to deliver the chattels contracted for, the plaintiff was entitled to recover for advances made and interest thereon, and for the whole five hundred dollars as liquidated damages.

From the Daviess Circuit Court.

*J. W. Burton* and *J. W. Ogdon*, for appellants.

*J. H. O'Neall* and *D. J. Hefron*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the court below.

In his complaint, the appellee alleged, in substance, that on the 29th day of July, 1868, the appellants, by their written agreement, a copy of which was filed with and made part of said complaint, sold, and agreed to sell, to appellee, three hundred head of good corn-fed hogs, spade sows, and barrows, to average two hundred and fifty pounds gross, to be delivered in Cincinnati, Ohio, from the 15th to the 20th days of December then next ensuing, at the cash price for such hogs on the day of delivery, and agreed to pay back to appellee all money advanced by him on said contract, with ten per cent. interest thereon, and in case of failure to deliver said hogs, according to said contract, to pay the appellee the sum of five hundred dollars as liquidated damages; that, at the time of the execution of said written contract, the appellee paid and advanced to Eli C. Hornady, one of the defendants, the sum of five hundred dollars on said contract; that on the 16th day of August, 1868, the appellee paid and advanced the further sum of one thousand two hundred and fifty dollars; that

on the 3d day of September, 1868, appellee paid and advanced the further sum of one thousand and sixty-two dollars and fifty cents; that on the 21st day of September, 1868, appellee paid and advanced the further sum of five hundred and sixty-two dollars and fifty cents; that the defendants did not, nor did either of them, ever deliver said hogs, or any portion thereof, but wholly failed so to do; that said defendants never returned and paid back said money so advanced, or any part thereof, and never paid said five hundred dollars damages, or any part thereof, but have wholly failed so to do; and that, by reason of said facts and statements, the defendants had become and were indebted to the appellee in the sum of five thousand dollars, for moneys advanced, damages and interest. Wherefore, etc.

The written agreement, of which a copy was filed with and made a part of appellee's complaint, reads as follows:

"I have this day sold unto Jesse A. Mitchell (300) three hundred good corn-fed hogs, spade sows, and barrows, to average two hundred and fifty (250) pounds gross, to be delivered in Cincinnati from the fifteenth to the twentieth days of Dec. next, at the cash price for such hogs on the day of delivery. For all moneys advanced on said contract, I agree to pay ten per cent. interest. In case I fail to deliver said hogs according to said contract, I bind myself and sureties to pay said Mitchell five hundred dollars damages. (Signed) E. C. HORNADY,

"July 29th, 1868. I. W. McCORMICK,

[Five cent revenue stamp.] "S. W. SMITH."

To appellee's complaint, the defendants jointly answered by a general denial and two affirmative paragraphs, and the appellants filed an additional affirmative paragraph of answer. As no questions of law were or are presented on either of the affirmative paragraphs of answer, we need not specially notice them. The appellee replied to each and all of these affirmative paragraphs, by a general denial.

McCormick *et al. v.* Mitchell.

The issues joined were tried by the court below, without a jury; which trial resulted in a finding for the appellee, and assessing his damages in the sum of two thousand three hundred and seventy-two dollars.

On written causes filed, the appellants moved the court below for a new trial, which motion was overruled, and the appellants excepted to this decision. And the appellants then moved the court in arrest of judgment, which motion was also overruled, and the appellants excepted. And judgment was rendered by the court below on its finding, from which judgment this appeal is now prosecuted.

The appellants have assigned, in this court, the following alleged errors of the court below:

1st. In overruling their motion for a new trial; and,

2d. In overruling their motion in arrest of judgment.

We will consider and decide the questions presented by these alleged errors in the inverse order of their assignment.

The motion in arrest of judgment, in this case, would reach only such defects in appellee's complaint as were not cured by the finding, nor waived by the appellants' failure to demur to said complaint. *Adamson* v. *Rose*, 30 Ind. 380; *Waugh* v. *Waugh*, 47 Ind. 580; *Gander* v. *The State, ex rel., etc.*, 50 Ind. 539; *Spahr* v. *Nicklaus*, 51 Ind. 221; *The Toledo, etc., Railway Co.* v. *Milligan*, 52 Ind. 505; and *Harris* v. *Rivers*, 53 Ind. 216. The motion in arrest of judgment points out no objection to appellee's complaint; and we have found it difficult to ascertain what the appellants' objections were to the complaint. It is said in argument by appellants' learned attorneys, that "the instrument sued on is of too vague and indefinite a character, to bind the appellants."

It seems to us, however, that the instrument sued on is not open to this objection. There is neither vagueness nor uncertainty in said instrument, and its terms are so clear and definite that they could not

well be misapprehended. On its face, the instrument is the joint and several contract of the subscribers thereto; whereby they sold the appellee a certain number of hogs, of a certain average weight, for delivery at a certain time and place, at the cash price for such hogs at the time of delivery. In addition thereto, the subscribers agreed, that the appellee should be paid a certain rate of interest on all moneys advanced by him on said contract, and, in the event of the non-delivery of said hogs according to said contract, they further agreed to pay the appellee five hundred dollars damages. It cannot be doubted, we think, that the appellee's complaint stated a good cause of action against the appellants; and, this being so, we know of no other objections to the complaint, if any exist, which could be reached by the motion in arrest of judgment. Our conclusion is, that the court below committed no error, in overruling appellants' motion in arrest of judgment.

In their motion for a new trial, the appellants assigned the following causes therefor:

1. That the decision of the court was not sustained by sufficient evidence;

2. Because the decision of the court was contrary to law;

3. Because of error of the court in the assessment of the amount of recovery, in favor of the appellee and against the appellants, the amount so assessed being too large;

4. Because the damages are excessive; and,

5. Because of error of law occurring at the trial and excepted to at the time, in this, that the court admitted in evidence, over the appellants' objection, the written contract sued upon, a copy of which had been filed with, and made part of, appellee's complaint.

A bill of exceptions, containing the evidence on the trial of this cause in the court below, is properly in the record.

When the appellee, on the trial, offered in evidence the written contract sued upon, the bill of exceptions contains this statement in reference thereto:

" To which the defendants Samuel M. Smith and Isaac W. McCormick, by their attorneys, objected, which objection was by the court overruled, and the plaintiff was permitted, over said objection, to read said written instrument in evidence, to which ruling of the court the said defendants, Smith and McCormick, by their attorneys, at the time excepted."

It will be seen from this statement, that the record of this cause wholly fails to show the grounds of appellants' objection to the admission in evidence of the written contract sued upon. It does not appear that the appellants pointed out or stated to the court below the grounds of their objection to the admission in evidence of said written contract.

In such a case, the rule is well settled, that this court will not, on appeal, consider the question of the admissibility of the evidence, nor any objections here to its admission. *Bishplinghoff* v. *Bauer*, 52 Ind. 519; *Rosenbaum* v. *Schmidt*, 54 Ind. 231; *Bishop* v. *Welch*, 54 Ind. 527.

In our opinion, this rule of practice is wise and reasonable; and, adhering thereto in this case, we can not consider the alleged error of law complained of by the appellants in their fifth cause for a new trial.

The appellants also insist that the court below erred in its assessment of the amount of recovery. In our view of this matter, the amount of the appellee's recovery in this case is a question of fact and figures, rather than of law. There is no conflict in the evidence in regard to the dates and amounts of the advances made by the appellee on the contract in suit; nor in regard to the non-fulfilment of said contract, by the failure to deliver to the appellee any of the hogs, at the time and place mentioned in said contract; nor in regard to the dates and amounts of the

several repayments to the appellee, on account of the moneys advanced by him on said contract.

With these facts proven and the written contract in evidence, it seems to us that the error of the court below, in its assessment of the amount of recovery, if there be any error, was in favor of the appellants, and not against them. The rule for the computation of interest, where payments have been made, and for the application of such payments, in this State, was long since established by this court, and has never been departed from. This rule is thus stated: Where a payment is made, the interest then accrued must be first discharged, and the balance only, if any, of such payment shall be credited on the principal; but, if the payment be less than the interest accrued, the principal shall remain on interest until the aggregate payments made shall exceed the accrued interest. *Wasson* v. *Gould*, 3 Blackf. 18. We state this rule here, for the reason that appellants' learned attorneys seem to have disregarded it in their computation of the amount due the appellee in this case.

It seems to us, that, if the two-fold nature of the contract in suit is borne in mind, there can be no difficulty in arriving at the precise amount due the appellee under said contract. In the event of the failure to deliver the hogs sold at the time and place specified in the written contract, for this breach of the contract, damages, in the agreed sum of five hundred dollars, became due and payable to the appellee under said contract. And these damages would have been so due and payable, as we construe the contract, upon such breach thereof, even if the appellee had made no advances on said contract, or if the advances made thereon had all been repaid. It can not be said, under any fair construction of the contract, that these damages were intended by the parties to be a compensation to the appellee for the use of the moneys advanced by him, in addition to the interest on said moneys stipulated for in said contract. When, therefore, the appel-

lants impute " usury " to the contract sued upon, it seems to us that they wholly misapprehend the force and effect of the terms of said contract.

We find no error in the assessment of the amount of the appellee's recovery by the court below, of which the appellants can complain.

In our opinion, the court below did not err, in overruling the appellants' motion for a new trial.

The judgment of the court below is· affirmed, at the costs of the appellants.