Jacobs v. Ballenger.

No. 15,501.

## JACOBS v. BALLENGER.

INTEREST.—*Payments.—How Applied.*—If a payment made by a debtor is not applied to the liquidation of any part of the indebtedness by the debtor or creditor, the law applies it; and if such indebtedness consists of a principal sum and interest, the law applies the payment first to satisfying the interest and the remainder to the principal.

SAME.—*Option of Maker of Note to Pay in Whole or Part Before Due.—Method of Calculating Interest.*—If a note drawing interest is payable in whole or part before due, at the option of the maker, the interest on each payment up to the time it was made should be cast up, and the payment applied first to the reduction of the interest and then to the reduction of the principal.

From the Boone Circuit Court.

*T. J. Terhune* and *P. H. Dutch,* for appellant.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellee.

ELLIOTT, C. J.—The appellant executed to the appellee the promissory note and mortgage, of which the former prayed the court to decree a cancellation. The note bears interest from date, and contains this provision : " The maker shall have the right to pay off the note, or any part of it, at any time." The note was payable ten years after date. Before the time specifically fixed for payment the appellant paid divers sums upon the note at different times, but neither he nor the appellee made any application of the payments, so that the question in the case is, how does the law apply the payments ?

The trial court cast up the interest on each payment as it was made, and applied the payment first to the reduction of the interest, and then to the reduction of the principal. To convey a clearer meaning of the theory of the trial court, we will take, as an illustration, the course pursued with the first payment, since that will serve for all. The first payment was three hundred dollars, and its date May 15th, 1883, two

years, three months and fourteen days after the execution of the note. The court computed interest on the sum paid, giving this result : "Payment May 15th, 1883, $300; $264.96 principal and $35.10 interest."

The appellant's contention is that " The payments upon the note having been made before the note or any interest thereon became due, they should first be applied to the extinguishment of the principal." The appellee's position is that the court should have computed the interest due upon the principal to the time that each payment was made, added it to the principal, and deducted the payment from the aggregate amount. The trial court did not adopt the theory of either party, but, as we have seen, adopted an essentially different one. But, as the appellee is content, the only inquiry we need make is whether the theory acted upon by the trial court worked injury to the appellant.

The general rule undoubtedly is, that when a payment made by a debtor is not applied to the liquidation of any part of the indebtedness by the debtor or creditor, the law applies it; and where the indebtedness consists of a principal sum and interest, the law applies the payment first to satisfying the interest. *Green* v. *Vardiman,* 2 Blackf. 324 ; *Wasson* v. *Gould,* 3 Blackf. 18 ; *Markel* v. *Spitler,* 28 Ind. 488 ; *McCormick* v. *Mitchell,* 57 Ind. 248 ; *Longworth* v. *Higham,* 89 Ind. 352 ; *Dean* v. *Williams,* 17 Mass. 417 ; *Lash* v. *Edgerton,* 13 Minn. 210 ; *Baker* v. *Baker,* 4 Dutch. (N. J.) 13 (75 Am. Dec. 243) ; *Hunt* v. *Hurst,* 20 W. Va. 183 ; *Case* v. *Fish,* 58 Wis. 56 ; *United States* v. *McLemore,* 4 How. (U. S.) 286 ; *Story* v. *Livingston,* 13 Pet. 359.

If the note had been wholly due, there would be no difficulty in the case, since it is clear that, in that event, the case would have been within the rule, and, even as it is, there is plausibility, if not strength, in the appellee's contention that the rule covers the case. We do not think, at all events, that there was any error on the part of the trial court of which

the appellant can successfully complain. If there was error it was against his adversary, and not against him.

The principal of the note became due *pro tanto* when the maker elected to exercise the right given him by the contract of making partial payment, and, certainly, he can not complain that he was charged with interest upon the part of the note he caused to mature by his own act. The creditor was not postponed as to interest until the expiration of the period absolutely fixed for the payment of the note, because the maker exercised the right given him by the contract to make the note due in whole, or in part, whenever he chose to do so. The holder of the note had no election for he could not have enforced payment until the time fixed, but the maker did have an election which he chose to exercise, and which the creditor could not prevent him from exercising. If we are right in holding that the maker by his own act caused the note to mature, *pro tanto*, as payments were made, then there can be no doubt that the conclusion reached by the trial court was not prejudicial to the appellant. This conclusion is required by the authorities. In the case of *Miami Exporting Co.* v. *Bank*, 5 Ohio, 261, a case very similar to the one before us, it was said that: "But it must be remembered that the notes here were payable on or before a certain day. Although the defendants could not compel payment before the day, yet the plaintiffs might pay before that time, and the defendants might be compelled to receive it. They could only be compelled to receive it upon the hypothesis that full payment was made, not only principal, but interest. If, then, partial payment only is made, it would seem to be but just that this partial payment should apply as well to interest as principal." The question came before the court in *Williams* v. *Houghtaling*, 3 Cow. 86, and it was said by the court: "Payments made on an instalment not due and payable, should be applied to the extinguishment of principal, and such proportion of interest as has accrued on the principal so extinguished." The question

we have here arose in the case of *Spires* v. *Hamot,* 8 Watts & Serg. 17, and it was held that partial payments must be applied to the reduction of the principal and the accrued interest. It was said by the court: "The rule established by all other decisions is that a partial payment is to be applied to the interest, in the first place, and in the second to the principal. The reason is that, though interest may be reserved to be paid yearly, half yearly or quarterly, it accrues from day to day, and not like rent from year to year." An illustration will, as we believe, make clear the correctness of the doctrine asserted in the cases to which we have referred. Suppose the appellant had elected to pay the entire amount due upon the note and mortgage, would he not have been required to pay the principal and accrued interest? It seems to us that in such a case there could be no doubt as to the rule, and the rule must be the same where the debtor elects to pay part of the debt he owes, instead of electing to pay the whole.

It is said by appellant's counsel that the appellant ought not to be held to pay interest for which he was not bound, but this argument is fallacious for the reason that he bound himself to pay interest from the date of the note.

We are referred to the case of *Starr* v. *Richmond,* 30 Ill. 276, but that case, even if well decided, is not in point, for there the creditor was not, as here, bound to accept a partial payment. In that case it is expressly declared that if the money had been due under the contract the rule as we have here stated it would apply.

Judgment affirmed.

Filed Jan. 14, 1892.