Millard L. Midonick, S.
There is a motion before the court pursuant to section 249-x of the Tax Law brought by the Bank of New York as executor of this estate, for a reassessment and redetermination of the estate tax assessed against the estate.
The decedent died on June 23, 1961, leaving a will dated June 2, 1920. Approximately six months after the execution of the will, the decedent was confined to a hospital where she remained until her death. She was formally adjudicated an incompetent by order of the Supreme Court of New York County on February 8, 1923. The decedent was never married, had no issue and was survived by her only sister as her sole distributee. Decedent’s sister was also her sole distributee in 1906 and 1907 when decedent created two trusts. The corpus of each of these trusts were included in the taxable estate for *995 New York estate tax purposes. The question of the includability of the corpus of these two trusts is to be decided on the instant motion.
In each trust, the decedent retained a general testamentary power to appoint one half of the trust, and a limited testamentary power to appoint the balance of the trust fund to and among her issue, or, in default of issue, to and among her surviving next of kin by blood under New York law in force on the date of the agreement. Each trust indenture further provided that to the extent that the powers of appointment were ineffectively exercised by the decedent, the trust corpus should be paid to her surviving issue equally, or, if no issue should survive her, to her surviving next of kin by blood under New York law. In article Fourth of the decedent’s will, she exercised the general power of appointment under the 1907 trust and appointed a total of $75,000 to named relatives, friends, employees and former employees, and a total of $35,000 to two charities. Decedent then provided in paragraph 17 of article Fourth as follows: "I give, bequeath, direct and appoint all the rest, residue and remainder of so much of said trust fund as is or may be subject to my disposal, including any increase thereof and any undistributed income thereof, to my sister Susan Ridley Sedgwick Swann.” In article Fifth of the decedent’s will, she exercised the power of appointment under the 1906 trust by appointing the corpus thereof to her said sister.
The question of the includability of the entire corpus of both the 1906 trust and 1907 trust for Federal estate tax purposes was adjudicated by the United States District Court for the Southern District of New York in Bank of New York v United States (314 F Supp 1167). Judge Weinfeld held in that case that the entire corpus of each trust was excludable under subdivision (c) of section 2038 of the Internal Revenue Code (US Code, tit 26, § 2038, subd [c]) by reason of the decedent’s mental disability, and stated at page 1175 as follows: "There is no dispute that the testamentary powers of appointment retained by decedent are powers to 'alter, amend, or revoke’ within the meaning of section 2038, although they additionally give rise to a reversionary interest limiting the possession and enjoyment of the beneficiaries in the trust property during decedent’s lifetime within the expansive meaning of section 2037. Noninclusion under section 2038 because of the operation of subsection (c) is based not upon the nature of the *996 retained powers but solely on the disability of the decedent which Congress has found worthy of specific relief; that section is fully applicable and sets out a special rule for a case such as this. In fact, the existence of that special rule, which, as the prior discussion demonstrates, was designed to provide relief in this very type of situation, reinforces the inference that Congress intended to deal with these powers only in section 2038. Accordingly, the court finds that section 2038, rather than section 2037, is the governing section and hence the post-1916 transfers into trust are not includable in the gross estate of the decedent.” The New York State taxing authorities did not reach the same conclusion as Judge Weinfeld with respect to the includability of the corpus of the trusts because the New York estate tax provisions, though patterned after the Federal provisions, do not contain any provision parallel to the mental disability provision of subdivision (c) of section 2038 of the Internal Revenue Code.
The State Tax Commission contends that the trusts are fully taxable under subdivision 4 of section 249-r and paragraph (a) of subdivision 7 of section 249-r of the Tax Law. The executor urges that since subdivision 4 of section 249-r of the Tax Law is based on section 2038 of the Internal Revenue Code, this court should read into that section the disability exculpation contained in subdivision (c) of section 2038 of the Internal Revenue Code. In the alternative, the executor contends that if the corpus of the trusts are taxable at all under subdivision 4 of section 249-r of the Tax Law, only the one half of the corpus of each trust subject to a general power of appointment should be taxable and that the one half of each trust subject to a limited power of appointment should not be taxable. A brief history of the Federal and New York estate tax laws must be reviewed before dealing with the arguments of the respective parties.
In 1906, there was no Federal estate tax law. That law was originally enacted in 1916. Frequent changes during the next three decades made trusts taxable which were not taxable when created. When amendments were enacted to the tax law, however, transition periods were usually provided to allow settlors to take certain steps so as to prevent the taxability of the trusts in their estates. The decedent in this case became incompetent shortly after making her will and was never able to take advantage of these grace periods. The first death tax to be imposed by New York State was an *997 inheritance tax. In 1896, New York enacted a transfer tax law. In 1930, New York death taxes were completely changed effective September 1, 1930. The former transfer tax was replaced by the present estate tax, article 10-C of the Tax Law. As is stated in the historical note following section 963 of the Tax Law: "It was explained in a Commission note that this law was derived from the estate tax provisions of the United States Revenue Act of 1926. The 1930 law thereby initiated in New York the policy, consistently followed, down to the present time, of conforming the state’s death tax to the federal estate tax statute.” (McKinney’s Cons Laws of NY, Book 59, Tax Law, p 498.) Although the New York Tax Law was amended many times between the years 1930 and 1963, the Legislature ultimately adopted a new estate tax law, article 26 of the Tax Law, which follows the Federal estate tax law in virtually every respect. This decedent died before the enactment of article 26 in 1963, and we are, therefore, concerned with the Tax Law as it existed in 1961, the year of her death, which was article 10-C thereof. Subdivision 4 of section 249-r of the Tax Law in existence in 1961 provided that the gross estate includes property: "4. To the extent of any interest therein of which the decedent has at any time made a transfer, (except in case of a bona fide sale for an adequate and full consideration in money or money’s worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent’s death.” The above section is based on the substantially identical subdivision (d) of section 811-d of the Internal Revenue Code of 1939, which is the predecessor of section 2038 of the Internal Revenue Code of 1954. The provisions of the Internal Revenue Code and the New York State Tax Law have been substantially the same, with the exception of subdivision (c) of section 2038 of the Internal Revenue Code of 1954 which provides as follows: "Effect of disability in certain cases. —For purposes of this section, in the case of a decedent who was (for a continuous period beginning not less than 3 months before December 31, 1947, and ending with his death) under a mental disability to relinquish a power, the term 'power’ shall not include a power the relinquishment of which on or after *998 January 1, 1940 and on or before December 31, 1947, would, by reason of section 1000 (e) of the Internal Revenue Code of 1939, be deemed not to be a transfer of property for purposes of chapter 4 of the Internal Revenue Code of 1939.” As was stated above, subdivision 4 of section 249-r of the New York Tax Law, applicable to estates of decedents dying between September 1, 1930 and April 1, 1963, was never changed to include the exception of subdivision (c) of section 2038. It should be noted, however, that such a provision is a part of article 26 of the New York State Tax Law effective for estates of decedents dying after April 1, 1963.
The executor of the estate asks this court to apply and interpret subdivision 4 of section 249-r as if it included the provisions of subdivision (c) of section 2038 of the Internal Revenue Code, quoted above. This the court cannot do. The Legislature had ample opportunity to conform article 10-C of the Tax Law to section 2038 of the Internal Revenue Code by the addition of wording similar to subdivision (c) of section 2038. The Tax Law is statutory in nature. We recognize that "it is the established legislative policy of the State to conform the estate tax law to the provisions of the Federal estate tax law, and in determining the effect of provisions of the New York Tax Law * * * we give great weight to the construction of corresponding provisions adopted in the Federal courts”. (Matter of Russell, 294 NY 99, 103; accord Matter of Meyer, 51 Misc 2d 397.) However, in this case, we are not asked to construe a corresponding provision of the Tax Law; we are instead asked to add a provision to our statute in order to conform the statute to the Federal one which is the subject of construction in the Federal courts.
The New York Legislature was aware of the changes made to the Federal estate tax and had continually conformed the New York estate tax to the Federal estate tax. Whenever there had been a significant change in the Federal law, the New York estate tax law had been amended to conform to the Federal language. For example, New York adopted the Federal marital deduction in virtually every detail (L 1950, ch 585). The Legislature omitted the remedial provision of subdivision (c) of section 2038 of the Internal Revenue Code, and we cannot read it into the statute as the executor suggests. It is a general rule that courts will not cure a casus omissus or supply omissions in a deficient statute (Matter of Mangan, 83 NYS2d 393; 56 NY Jur, Statutes, § 111). The Court of Appeals *999 stated in McKuskie v Hendrickson (128 NY 555, 558): "While the courts may interpret doubtful or obscure phrases and imperfect language in a statute so as to give effect to the presumed intention of the legislature, and to carry out what appears to be the general policy of the law, they cannot, by construction, cure a casus omissus, however just and desirable it may be, to supply the omitted provision.”
It is accordingly the decision of this court that subdivision 4 of section 249-r of the Tax Law applies to the corpus of each trust subject to the general powers of appointments retained by the decedent herein.
However, it is the court’s determination that the portion of each trust subject to the limited powers of appointments are not subject to the Tax Law in any respect and are, therefore, not taxable for New York estate tax purposes for the reasons stated below.
The decedent retained limited testamentary powers to appoint one half of the corpus of each trust "to and among her next-of-kin under the laws of New York in force at the date of agreement”. On the date of her death in 1961 and under the laws of New York in force on the dates of the trust instruments in 1906 and 1907, the decedent’s only next of kin was her sister. In a case with very similar facts Bank of New York v United States (174 F Supp 911), the United States District Court of the Southern District of New York considered the taxability of a trust created by the settlor decedent who retained the power to appoint the remainder of the trust to his children or any issue of deceased children. The settlor was survived by only one son and by no issue of any deceased children, and the court held at page 917 as follows:
"Disposition of the remainder of the trust, at the date of decedent’s death, was fixed, settled and definitely determined by the provisions of the trust agreement. It was not within the exercise of a power reserved to the decedent settlor to alter, amend, revoke or terminate. The trust was not therefore taxable within the provisions of Section 811 (d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811 (d) (Jennings v. Smith, 2 Cir., 1947, 161 F. 2d 74, 77), and it was not properly includible in the taxable estate.
"The statute makes includible only those trusts 'where the enjoyment thereof was subject at the date of his (her) death to any change through the exercise of a power * * * by the decedent * * *’ (Section 811 (d) (1), Internal Revenue Code of *1000 1939). The power was here 'conditioned upon an event which had not occurred before the settlor’s death’ (Jennings v. Smith, supra, 161 F. 2d at page 77).
"As the decedent died with only one surviving child and no issue of deceased children 'the power never became effective and was not taxable’. Footnote 4, Hollander, Executor, etc. v. United States, 2 Cir., 248 F. 2d 247, 248.”
Subdivision (d) of section 811 is the predecessor to section 2038 of the Internal Revenue Code of 1954 upon which subdivision 4 of section 249-r of the Tax Law is based, there being no change of substance. Accordingly, the limited powers of appointment reserved by the decedent under the 1906 and 1907 trusts are not taxable since they must be treated as a nullity for tax purposes.
The State Tax Commission has raised the additional point that the portions of the trusts subject to the limited powers of appointment are taxable under section 249-r (subd 7, par [a]) of the Tax Law. This court will not determine the applicability of that provision since it has been determined that the decedent had no limited power to appoint one half of the trust.
Accordingly, it is the ruling of the court that only the one half of the corpus of each trust subject to a general power of appointment is includable in the gross estate for New York estate tax purposes.