OPINION OF THE COURT
John D. Bennett, J.
By order to show cause dated March 7, 1979, the executors move to reargue the decision dated February 14, 1979, alleging that the court overlooked the effect of its decision denying petitioners’ request to extend the time for the payment of the New York estate taxes assessed against the estate. They contend that the court’s denial had the effect of granting an impermissible priority to the payment of the New York estate tax contrary to both the Federal estate tax law and SCPA 1811 (subd 2). The Director of Internal Revenue and the State Tax Commission were both served with copies of the papers herein. The Tax Commission has filed an affidavit in opposition to the motion but no appearance was filed on behalf of the Internal Revenue Service.
The executors repeatedly emphasize the fact that the estate is not insolvent, merely illiquid, and they have sufficient assets to pay all taxes and administration expenses. They allege that the real property is very valuable but a forced sale would result in severe losses to the estate. Both Webster’s Unabridged and Bouvier’s Law Dictionaries define "insolvent” as having liabilities in excess of a reasonable market value of assets held. Insolvency, in essence, is an inability to pay debts as they become due.
Petitioners argue that because the court lacked the necessary statutory authority to extend their time for the payment of New York estate taxes, they were required to pay them, granting a priority to the payment of New York taxes contrary to the provisions of sections 191 and 192 of title 31 of the United States Code and SCPA 1811 (subd 2). Section 191 grants to the United States a priority when a debtor "is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied” (emphasis supplied). Section 192 imposes upon the fiduciary a personal liability for any taxes due to the United States if he makes payment to others prior to satisfying the debts due to the United States. SCPA 1811 (subd 2, par [a]) provides that debts due under the *3 laws of the United. States and the State of New York are entitled to preference to all other debts. It would appear that under SCPA 1811 (subd 2, par [a]) Federal and New York taxes are on a par. In fact, taxes due to the United States are entitled to a priority over those due to the State of New York (Matter of Williams, 189 Misc 210). Preference comes into play only when there are insufficient assets to pay the moneys due both the Federal and New York State taxing authorities Matter of Williams, supra).
The executors sought and obtained the right to pay the Federal estate tax in installments pursuant to the provisions of sections 6166 and 6161 of the Internal Revenue Code. On the date of the decedent’s death there were no comparable provisions in the New York tax law. Petitioners’ argument is without merit that the failure of the court to direct the Tax Commission to grant them comparable relief to that which they were entitled under the Federal estate tax law has the effect of granting to the State Tax Commission an impermissible priority of payment of its taxes. Though there was a general conformity between the New York and Federal tax laws on the date of the decedent’s death, there was no comparable New York statute authorizing installment payments as were granted pursuant to the Internal Revenue Code. This court cannot decree that which the Legislature has not authorized it to grant (Matter of Sedgwick, 90 Misc 2d 994, 998). It should be noted that the due date for the payment of both Federal and New York estate taxes differs. The New York tax is due and payable at the time of the decedent’s death. Payment may be made within six months of death without interest; thereafter interest accrues at the rate of one half of 1% per month on the unpaid balance of the tax. In the event that the tax is not paid in 15 months from the date of the decedent’s death, penalty interest accrues at the rate of 10% per annum from the date of death (Tax Law, § 249-z).
In the case of the Federal estate tax, the date for payment of the tax is the date the tax return is due which, in the instant case, was nine months from the decedent’s death. Where an extension to file is granted, the tax bears interest at the rate of 6% per annum or such rate as may be fixed by the commission from the due date. The special lien for Federal estate tax attaches at the date of the decedent’s death pursuant to section 6324 of the Internal Revenue Code. There can be no violation of the provisions of SCPA 1811 (subd 2, par [a]) *4 where the estate is not insolvent, merely illiquid. It is only when the estate is insolvent that the priority comes into effect. (See Matter of Schmuckler, 58 Misc 2d 418.)
Movants’ contention that the application by the State Tax Commission of the payment first to interest and then to the tax due is improper is without merit. The normal rule between debtor and creditor is that a payment is applied first to interest and then to principal (Holman v Newton, 275 App Div 513, 517; 38 NY Jur, Mortgages and Deeds of Trust, § 123).
Movants’ application for reargument is granted and on reargument the court adheres to its original decision.