INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,

v.

ESTATE OF Marion C. ROGERS, Deceased,

David Rogers and Monroe County State Bank, Co-Executors, Respondents-Appellees.

No.. 1–383A93.

Court of Appeals of Indiana, First District.

Jan. 24, 1984.

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

David Rogers, Rogers, McDonald & Jones, Bloomington, for respondents-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the decision of the Monroe Circuit Court denying its motion to compel compliance with that court's order relative to payment of inheritance taxes and finding compliance therewith. We reverse and remand.

## FACTS

The decedent died on April 4, 1973. An order determining inheritance was entered April 1, 1974, and the tax was paid three days later. As a result of a federal estate tax audit, additional inheritance taxes of $11,146.46, together with interest at ten percent (10%) per annum from the date of death were found owing by order entered January 5, 1976. The estate paid $11,-146.46 on the same date and later, on February 15, 1977, filed a petition to determine interest due and requested either waiver of interest or reduction of the interest rate to six percent (6%). On August 16, 1982, the court entered its order that the estate pay "interest on the additional inheritance tax of $11,146.66 [1] [sic] at the rate of ten percent per annum computed from April 4, 1973, the decedent's date of death, and *until the tax is finally paid,* because more than eighteen months has [sic] elapsed from the date of decedent's death." (Emphasis added.) Record at 51.

Thereafter, on October 21, 1982, the estate paid $3,032.27 to the county treasurer. On December 6, 1982, the Department filed its motion to compel compliance with the court's order contending the $3,032.27 payment did not comply with the court's order of January 5, 1976. This motion was granted on December 6, 1982, and the estate was ordered to pay an additional $2,120.74, plus interest at ten percent (10%) per annum from October 21, 1982, until paid. On December 8, 1982, the estate filed a motion to set aside the December 6 order which was granted on January 7, 1983, by an order finding the payment of $3,032.27 on October 21, 1982, complied with the court's and because the Department failed to file objections to the August 16, 1982, order within ninety days. It is from this last order that the Department appeals.

## ISSUES

The following issues, which we have restated, are raised in this appeal:

1. The correct amount is $11,146.46.

1. Were the additional inheritance tax and statutory interest properly computed and paid in accordance with Indiana law and were the payments properly applied?

2. Did the trial court lack jurisdiction to grant the relief sought by the Department?

3. Was the Department estopped from asserting a claim for additional tax or interest by virtue of an oral agreement with the estate?

## DISCUSSION AND DECISION

*Issue One*

The Indiana inheritance tax law assesses interest on the tax due at the rate of ten percent (10%) per annum from the date of decedent's death where the tax is not paid within eighteen months of the date of death. Ind.Code § 6–4–1–13 (now Ind.Code § 6–4.1–9–1). In case of necessary litigation or other unavoidable delay such that the tax cannot be determined, the court *may* reduce the interest rate to six percent (6%). *Id.* Here, the additional tax was assessed some thirty-three (33) months after the decedent's death and the trial court found that the additional tax of $11,146.46 plus interest at ten percent (10%) from date of death until "final payment has been made, in accordance with the law of the State of Indiana ..." Record at 51. The question of the proper application of the payments made necessarily must be determined in order to resolve this issue.

In response to an inquiry from the Administrator of the Inheritance Tax Division, the Attorney-General issued an opinion in 1962 on the very issue involved here. According to that opinion, "[w]hen both inheritance tax and interest thereon are due, any partial payment made must be applied first to the satisfaction of interest before any part of such payment is applied to principal." 1962 OP.IND.ATT'Y GEN. NO. 17 at page 79. A regulation to the same effect was promulgated in 1970 by the Indiana Department of State Revenue, which provides:

"Whenever a partial payment is made, at a time when both tax and interest thereon are due, such partial payment shall be applied first to the interest due thereon and only the amount of the payment in excess of the interest due shall be applied to the principal amount of tax due."

45 Indiana Annotated Code 4–6–6.

■ This regulation tracks the law of this state generally pertaining to interest bearing obligation. That rule is that payments shall be applied first to interest, and then, if any balance remains, to reduction of principal. *Jacobs v. Ballenger*, (1892) 130 Ind. 231, 29 N.E. 782; *McCormick v. Mitchell*, (1877) 57 Ind. 248; *Wasson v. Gould*, (1832) 3 Blackf. 18. The Indiana rule follows the general rule that absent an agreement or statute to the contrary, payments are to be applied first to interest, then to principal. This is the "United States rule." *Spang Industries, Inc., Fort Pitt Bridge Division v. Aetna Casualty & Surety Co.*, (2d Cir.1975) 512 F.2d 365; *In re Bogan*, (W.D.Tenn.1968) 281 F.Supp. 242; *Plasko v. Orser*, (1977) 373 Mass. 40, 364 N.E.2d 1220; *Estreen v. Bluhm*, (1977) 79 Wis.2d 142, 255 N.W.2d 473; 45 Am. Jur.2d *Interest and Usury* § 99 (1969). This rule has been applied to inheritance tax cases. *Darr v. Kervick*, (1960) 31 N.J. 476, 158 A.2d 42; *Matter of Estate of Froehlich*, (1979) 98 Misc.2d 1, 416 N.Y. S.2d 744.

■ Under the law, therefore, when the estate paid $11,146.46 on January 5, 1976, that payment should have been applied first to the interest then due of $3,068.29, leaving $8,078.17 applied to reduction of the principal amount of the additional tax. Thus, an unpaid balance of the tax of $3,068.29 remained which amount continued to draw interest at the ten percent (10%) rate. When the estate made its final payment of $3,032.27 on October 21, 1982, there was then due the $3,068.29 remaining from January 5, 1976, plus interest at ten percent (10%) from January 5, 1976, totalling $2,084.72. Applying the $3,032.27 payment first to interest, there remained a balance of $947.55 to be applied to the principal which left a balance of $2,120.74 remaining unpaid on the principal amount of tax which amount continued to bear interest at ten percent (10%) per annum. Thus, unless the Department was estopped from seeking this payment, or the court lacked jurisdiction to enter the order, neither of which is the case, the court's December 6, 1982, order was proper, and the court erred in its January 7, 1983, order.

*Issue Two*

■ The estate contends the trial court lacked jurisdiction to grant the Department's motion to compel compliance because the Department did not file a petition for a rehearing and redetermination of the inheritance tax within ninety days of the January 5, 1976, order as required by Ind. Code § 6–4–1–11 (now Ind.Code § 6–4.1–7–1). The estate cites *Matter of Estate of Compton*, (1980) Ind.App., 406 N.E.2d 365, and *In re Estate of Hibbeln*, (1973) 157 Ind.App. 422, 300 N.E.2d 384, for the proposition that filing of such a petition is jurisdictional, and *Matter of Estate of Waltz*, (1980) Ind.App., 408 N.E.2d 558, holding that the statute (Ind.Code 6–4.1–7–1), allowing a person dissatisfied with an inheritance tax determination of a resident decedent's estate ninety days to file for redetermination, applies to any basis for seeking redetermination of the tax.

The fallacy of the estate's argument is apparent, however, because the Department is not *dissatisfied* with the inheritance tax determination and does not seek a redetermination of the tax. On the contrary, the Department is quite satisfied with the court's determination of the tax. It simply wants the tax and interest fully paid in accordance with the court's order and the law of this state.

*Issue Three*

Finally, the estate contends the Department is estopped from asserting its claim for additional taxes because of an alleged oral agreement with the estate. There was no evidence of any oral agreement introduced below. The record being devoid of any evidence of such an agreement, we

cannot find such an agreement existed. In fact, the absence of such an agreement is tacitly admitted by the estate in its appellee's brief at page 8 where it is stated the executors assumed they would not be assessed any interest on any tax deficiency determined, and at page 10 where it is stated "[w]hile the facts in our situation do not indicate that there was a specific declaration that interest would not be charged on the deficiency, it was a reasonable assumption for the Co-Executors of the Estate to make."

██ The determination and collection of inheritance tax and the rights and obligations of both the department of state revenue and the taxpayer are governed entirely by statute. *Matter of Estate of Compton.* The relevant statute provides for assessment of interest in cases such as this. Ind.Code § 6–4–1–13 (now Ind.Code § 6–4.1–9–1). The estate has not proved any agreement to the contrary. No facts having been proved which possibly could give rise to an estoppel, we need not decide whether estoppel may be asserted against the State Department of Revenue.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

NEAL, P.J., and ROBERTSON, J., concur.