In the Matter of the Accounting of Pauline L. Williams, as Administratrix of the Estate of Francis C. Williams, Deceased.

Surrogate's Court, Bronx County, March 8, 1947.

*Henry H. Harwood* for administratrix.

*Abraham D. Levy* and *Hamilton McInnes* for State Tax Commission.

*John F. X. McGohey, United States Attorney,* for United States Collector of Internal Revenue.

Henderson, S. This is a proceeding to judicially settle the account of the administratrix herein.

In her petition, the administratrix requests an order prorating the Federal and State estate taxes and directing the beneficiaries of certain life insurance on the life of the deceased to make payment to her of the proportionate amounts of the taxes chargeable to them. She also requests a final decree without producing a final receipt for the New York estate tax.

The decedent died on the 23d day of December, 1936, survived by his widow and two children.

The estate tax schedules filed in this court disclose a gross estate of $863,620.05 which included the proceeds of life insurance on decedent's life in the sum of $97,610.36, payable to the two children.

As a result of some shrinkage in the value of the assets, increased administration expenses and the existence of unpaid income tax claims not reflected in the tax schedules, the estate is insolvent. There are unpaid claims of the United States for Federal and estate taxes in the sum of $21,222.12. The unpaid claims of the State of New York for income and estate taxes amount to $5,372.61. There remains in the hands of the administratrix, the sum of $6,959.19 subject to attorney's fees and the expenses of this proceeding. The petitioner seeks to apply the balance remaining in her hands towards the unpaid Federal claims, asserting a preference on behalf of the United States Collector of Internal Revenue.

No objection to the account has been filed.

The State Tax Commission, by way of a written memorandum, requests the court to deny that portion of the petition which prays for a final decree without the production of a final receipt, upon the grounds that subdivision 2 of section 249-z of the Tax Law is mandatory in its requirements when it states that " No executor shall be entitled to a final accounting of an estate in settlement of which a tax is due unless he shall produce a final receipt for the tax or a duplicate thereof."

The priority asserted by the administratrix on behalf of the United States for unpaid taxes is correct (U. S. Code, tit. 31, § 191; *Matter of Gruner,* 295 N. Y. 510).

Despite the fact that as a result of this preference which is not disputed, there will be no estate funds left for the payment of the State estate tax, the State Tax Commission contends that section 249-bb of the Tax Law, which provides that " * * * the executor of every estate shall be personally liable for such tax until its payment ", places the liability for the tax personally upon the administratrix and requires her to pay it with a right to proceed against the persons beneficially interested, for reimbursement to the extent of the amount paid on their behalf.

These contentions are overruled.

The administratrix has administered this estate properly. It is not as a result of any fault or delinquency on her part that this estate has not yielded enough to pay the estate taxes. Under such circumstances, she is not personally liable for the tax nor is she required to show full payment of such tax as a condition to obtaining a final decree judicially settling her account (*Matter of Meyer,* 209 N. Y. 386; *Matter of Burroughs,* 137 Misc. 844).

While the foregoing cases were decided under the Transfer Tax Law, the Court of Appeals in the *Meyer* case (*supra*) construed sections 224 and 236 of the Tax Law which were the predecessor sections to, and contained substantially the same language as the present sections upon which the State Tax Commission bases its contentions. It seems clear therefrom that the personal liability created by the statute is imposed only to the extent of property in the hands of the administratrix properly applicable to the payment of the tax. She is not required to pay the tax out of her individual funds.

The right of the administratrix to recover the ratable share of the tax chargeable to the beneficiaries of the life insurance is defined by section 124 of the Decedent Estate Law. This right is expressly limited to a fiduciary who has paid the tax and is given for the sole purpose of reimbursement. The statute gives no right to obtain a tax contribution in advance (*Matter of Bull,* 175 Misc. 197, 201).

There is no obligation imposed upon this administratrix to proceed thereunder in order to obtain her discharge. Under the present circumstances, the liability of the beneficiaries runs only to the taxing authorities. This statute in its present form, may not be used as a substitute for any action on their behalf.

The request of the administratrix for an order under section 124 of the Decedent Estate Law is accordingly denied.

The attorney's fee is fixed in the amount requested.

The balance of this estate will be paid in accordance with any request of the Collector of Internal Revenue as to the application of such payments.

**Settle decree accordingly.**