IN THE MATTER OF THE ESTATE OF WALTER R. KURTH, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1982—Decided July 13, 1982.

Before Judges BOTTER, ANTELL and FURMAN.

*Martin L. Wheelwright,* Deputy Attorney General, argued the cause for appellant Director, Division of Taxation (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James R. Zazzali,* former Attorney General, and *Martin L. Wheelwright* on the brief).

*William S. Estabrook,* of the New York Bar, argued the cause for respondent United States (*John F. Murray,* Acting Assistant Attorney General, attorney; *William W. Robertson,* United States Attorney, of counsel; *Michael L. Paup, William S. Estabrook,* and *Richard N. Bush,* Attorneys, Tax Division, Department of Justice, and *Lorraine S. Gerson,* Assistant United States Attorney, on the brief).

The opinion of the court was delivered by

BOTTER, P. J. A. D.

The issue on this appeal is whether the federal estate tax lien of the United States has priority over the inheritance tax lien of the State of New Jersey where the assets of decedent's estate available for distribution in this country are inadequate to satisfy both liens. The State contends that the liens attached simultaneously at the time of death pursuant to 26 *U.S.C.A.* § 6324 and *N.J.S.A.* 54:35–5, that the federal lien does not have priority and, therefore, the claims should be satisfied *pro rata.*

From a ruling in favor of the United States the State appealed, and we now affirm.

31 *U.S.C.A.* § 191[1] gives priority to the United States for "debts due to the United States" from insolvent debtors and from a "deceased debtor" whose estate in the hands of an executor or administrator is insufficient to pay "all the debts due from the deceased." The State argues that this section does not apply because the federal estate tax is not a debt of the deceased and this section was intended to apply to debts in existence prior to the debtor's death. The United States contends that the statute should not be read in a narrow, technical fashion, citing *United States v. Moore*, 423 *U.S.* 77, 96 *S.Ct.* 310, 46 *L.Ed.*2d 219 (1975). It also contends that the federal estate tax may be viewed as a debt of the deceased because it is an excise on the transfer of property from decedent which attaches at the moment of transfer, namely, at death. *Frick v. Pennsylvania*, 268 *U.S.* 473, 498–499, 45 *S.Ct.* 603, 607–08, 69 *L.Ed.* 1058, 1066 (1925); see 26 *U.S.C.A.* 2001(a).

The State urges that the literal language of § 191 supports its position. However, § 191, read in conjunction with § 192, suggests a legislative intent that leads to an opposite conclusion. The history of §§ 191 and 192 is traced in *King v. United States*, 379 *U.S.* 329, 334–336, 85 *S.Ct.* 427, 430–31, 13 *L.Ed.*2d 315, 319–320 (1964). Both sections were said to be "part of a single statutory structure" originating before 1800. *Id.* The precursor

---

1 31 *U.S.C.A.* § 191 provides:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

of § 191 was enacted in 1789, and the provisions now embodied in § 192 first came into existence in 1799, "establishing personal liability for those who frustrated the Government's priority" established by § 191. *Id.* Thus it was held in *King v. United States, supra,* that §§ 191 and 192 must be read *in pari materia,* since the division of these provisions into separate sections in the *Revised Statutes* "did not work any change in the purpose or meaning." *Id.*

§ 192 of 31 *U.S.C.A.* provides:

> Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

Obviously, this section applies only where payment of a debt to another disparages the priority given to a federal claim. However, § 192 speaks of payment of debts due not only from debtors but from estates as well. It seems to assume a priority for obligations due to the United States from estates over other debts of an insolvent estate.[2] Considering the long history of both § 191 and § 192, and reading them together, we are inclined to the conclusion that the words in § 191, "debts due from the deceased," should be read to include federal estate taxes, so as to give the United States priority in cases where the estate is insufficient to pay all debts. *In re Williams' Estate,* 189 *Misc.* 210, 68 *N.Y.S.2d* 840 (Surr.Ct.1947); *cf. Bowes v. United States of America,* 127 *N.J.Eq.* 132, 140 (Ch.1940), where the court held that the word "debts" as used in *R.S.* § 3466 (31 *U.S.C.A.* § 191) includes taxes, citing *Price v. United States,* 269 *U.S.* 492, 499, 46 *S.Ct.* 180, 70 *L.Ed.* 373, 377 (1926).

Affirmed.

---

[2] No issue is presented in this case as to the priority of administration expenses or liens on estate property established during decedent's lifetime.