IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 13, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| ESTATE OF J.P. WALKER, | ) | C/A NO. 03A01-9808-PB-00250 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF REVENUE, | ) | APPEAL AS OF RIGHT FROM THE |
| Defendant-Appellant, | ) | SEVIER COUNTY PROBATE COURT |
| and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant-Appellee. | ) | HONORABLE CHARLES S. SEXTON, |
| | ) | JUDGE |

For Appellant

PAUL G. SUMMERS
Attorney General and Reporter
Nashville, Tennessee

M. TY PRYOR
Assistant Attorney General
Nashville, Tennessee

For Appellee

WILLIAM S. ESTABROOK
ROBERT L. BAKER
Tax Division
Department of Justice
Washington, D.C.

CARL K. KIRKPATRICK
United States Attorney,
Eastern District of Tennessee
Knoxville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This appeal requires us to determine whether the claim of the United States against the Estate of J.P. Walker ("the Estate") for federal income and estate taxes is entitled to priority treatment as against the Tennessee Department of Revenue's claim for state inheritance taxes. The trial court -- the Sevier County Probate Court -- held, pursuant to the Federal Insolvency Statute, 31 U.S.C.A. § 3713, that the United States was entitled to priority as to the remaining assets of the Estate. The Department of Revenue appeals, contending that its inheritance tax claim is on an equal footing with the federal claim and, therefore, should share *pro rata* in the distribution of the Estate's remaining assets.

I

J.P. Walker died testate on January 4, 1991. His estate was subsequently assessed federal estate taxes of approximately $2,000,000, plus interest and penalties, as well as federal income taxes[1] of approximately $700,000, again plus interest and penalties. As of January 31, 1995, the Estate's aggregate federal tax liability had grown to $4,245,627.10. The Department of Revenue's claim against the Estate, including interest and penalties, is in the amount of $634,528.

On October 25, 1996, the Estate filed a notice of insolvency in the trial court. On February 20, 1998, it filed a number of motions, including a motion in the nature of interpleader, a motion regarding final distribution, and a notice

---

[1]The income tax component of the federal claim apparently is based on taxes due on income earned by the Estate *after* Walker's death.

2

of deposit of funds, asking the trial court to determine the priority of the competing tax claims. The parties agree that the Estate is insolvent and that it does not have sufficient funds to pay both tax claims in full.[2]

In connection with the Estate's motions, the United States contended, and still contends, that it is entitled to a priority position with respect to the funds deposited by the Estate in the registry of the trial court. It claims a priority based on the Federal Insolvency Statute, 31 U.S.C.A. § 3713. That statute provides, in pertinent part, as follows:

> A claim of the United States Government shall be paid first when--
>
> *    *    *
>
> (B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

31 U.S.C.A. § 3713(a)(1)(B). In the alternative, the United States argues that it holds federal income and estate tax liens against the Estate that are entitled to priority under the Internal Revenue Code, specifically 26 U.S.C.A. §§ 6321 and 6324.[3]

---

[2]The Estate deposited $675,653.09 with the trial court, said amount representing essentially all of the remaining assets of the Estate.

[3]26 U.S.C.A. § 6321 provides, in pertinent part, as follows:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C.A. § 6324 establishes a lien for estate taxes, providing that

> [u]nless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death....

3

The Department of Revenue contended below, as it does on appeal, that the Federal Insolvency Statute, specifically 31 U.S.C.A. § 3713(a)(1)(B), does not apply to the instant case, because the state inheritance tax claim is not a "debt of the *debtor*" since it arose after his death; that its lien for state inheritance taxes arose at the same time as the federal estate tax lien, *i.e.*, upon Walker's death; that its lien is sufficiently perfected or choate so as to have equal priority with the federal liens; and that, in the absence of a federal statute specifying how priority between these liens should be determined, the competing claims should share *pro rata* in the distribution of the Estate's remaining assets, pursuant to T.C.A. §§ 30-2-317 and 67-1-1403.[4]

Following a hearing on the Estate's motions, the trial court found

> that the laws of the United States in this
> instance and under these facts and
> circumstances pre-empt the statutes of the
> State of Tennessee and that the IRS is
> entitled to priority of distribution to the

---

[4]T.C.A. § 67-1-1403(d) provides that a lien for inheritance taxes shall "arise at the date of death," while T.C.A. § 30-2-317 provides, in pertinent part, as follows:

> (a) All claims or demands against the estate of any
> deceased person shall be divided into the following
> classifications, which shall have priority in the
> order shown:

> \* \* \*

> (2) Second: Taxes and assessments imposed by the
> federal or any state government or subdivision
> thereof;....

> \* \* \*

> (b) All demands against the estate shall be paid by
> the personal representative in the order in which they
> are classed, and no demand of one class shall be paid
> until the claims of all prior classes are satisfied or
> provided for; and if there shall not be sufficient
> assets to pay the whole of any one class, the claims
> in such class shall be paid pro rata.

4

full extent of its tax claims over the claim asserted by the [Department of Revenue]. Inasmuch as there are insufficient funds with which to discharge in full the IRS claim, it follows that the IRS is entitled to the entirety of the funds on deposit in the registry of the Court together with the balance of funds, if any, which will be available to the Estate for application toward satisfaction of these claims following payment of "winding up" expenses of administration....

II

Our review of this non-jury case is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Rule 13(d), T.R.A.P. We must honor this presumption unless we find that the evidence preponderates against those findings. *Id.; Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993); *Old Farm Bakery, Inc. v. Maxwell Assoc.*, 872 S.W.2d 682, 684 (Tenn.App. 1993). The trial court's conclusions of law, however, are not accorded the same deference. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993). The issue before us is one of law; hence our review is *de novo* with no presumption.

III

We are of the opinion that the trial court correctly determined that the United States is entitled to a priority as to the funds on deposit in the trial court, by virtue of the Federal Insolvency Statute, 31 U.S.C.A. § 3713. Several reasons lead us to this conclusion.

In analyzing § 3713,[5] the United States Supreme Court has noted that the priority created by the statute is based upon a public policy recognizing the necessity of securing an adequate revenue to provide for the public welfare, and that the statute has been applied with this purpose in mind for almost 200 years. *United States v. Moore*, 423 U.S. 77, 96 S.Ct. 310, 313, 46 L.Ed.2d 219 (1975). Likewise, it is well-settled that in order to effectuate its purpose, § 3713 is to be construed and applied liberally. *Id.; United States v. Key*, 397 U.S. 322, 90 S.Ct. 1049, 1051, 25 L.Ed.2d 340.

The Supreme Court has observed that in cases of insolvency, § 3713 expressly confers an absolute priority to federal claims, permitting on its face no exceptions to that priority. *United States v. State of Vermont*, 377 U.S. 351, 84 S.Ct. 1267, 1270-71, 12 L.Ed.2d 370 (1964). The Supreme Court has also noted that

> the courts have applied the priority statute
> to Government claims of all types.... Indeed,
> under the decisions of this Court, "[o]nly
> the plainest inconsistency would warrant our
> finding an implied exception to the operation
> of so clear a command as that of [the
> predecessor to § 3713]."

*Moore*, 96 S.Ct. at 314 (quoting *United States v. Emory*, 314 U.S. 423, 62 S.Ct. 317, 322-23, 86 L.Ed. 315 (1941)). A party claiming exemption from operation of the statute has the burden

---

[5]Several cases cited in this opinion address prior versions of the Federal Insolvency Statute, which was most recently amended in 1982. However, no substantive changes in the statute have occurred since the cited cases were decided. *See United States v. Coppola*, 85 F.3d 1015, 1019 n.3 (2nd Cir. 1996)(citing H.R. Rep. No. 651, 97th Cong., 2d Sess. 1-3, *reprinted in* 1982 U.S.C.C.A.N. 1895, 1895-97). Therefore, we are comfortable in relying on cases decided prior to the amendment in our analysis of the statute in its current form.

6

of showing that the party does not fall within its terms. *Bramwell v. United States Fidelity & Guaranty Co.*, 269 U.S. 483, 46 S.Ct. 176, 177, 70 L.Ed. 368 (1926).

Furthermore, under the Supremacy Clause of the United States Constitution, federal law as a general rule prevails when there is a conflict between state and federal statutes. U.S. CONST. art. VI; *Howard v. United States*, 566 S.W.2d 521, 525 (Tenn. 1978).

The Department of Revenue argues that its claim for inheritance taxes falls outside the scope of § 3713(a)(1)(B). It bases this assertion on the theory that, because inheritance taxes do not arise during a decedent's lifetime, but only upon death, such obligation cannot constitute a "debt of the *debtor*," as that term is used in the statute. According to the Department of Revenue, such tax liability is more properly characterized as a debt of the *estate*; thus, so the argument goes, it does not fall within the ambit of § 3713(a)(1)(B) and cannot be defeated by operation of that statute.

In support of this contention, the Department of Revenue relies upon the unpublished decision of this Court in *Estate of Gray v. Internal Revenue Service*, C/A No. 03A01-9507-CH-00227, 1996 WL 64006 (Tenn.App., E.S., filed February 15, 1996, McMurray, J.). In *Gray*, we found that the Federal Insolvency Statute was not applicable and held that the federal income tax claim in question there was not entitled to priority over a surviving spouse's elective share. *Id.* at *5. Stating that § 3713 "applies expressly to all debts of the debtor,

7

nothing more," we concluded that the elective share was not a "debt of the debtor."  *Id.* at *3.

The Department of Revenue relies upon the *Gray* opinion to support its contention that its inheritance tax claim does not constitute a "debt of the debtor."  While we acknowledge that *Gray* does contain some general language -- such as that quoted above -- that arguably supports the State's position, we do not believe that it controls our decision in the instant case.  We held in *Gray* that a widow's elective share was not a debt *of any kind*, but rather a statutory entitlement.  *Id.* at *4.  Specifically, we found the elective share to be "a statutory charge against the estate [that] is not available as an asset from which unsecured debts of any creditors can be satisfied...."  *Id.*  The same cannot be said of the state inheritance tax claim at issue here.  That claim is clearly a debt of the estate.  Therefore, *Gray* does not control our decision in the instant case.

After careful analysis of § 3713(a)(1)(B), we have concluded that both the federal and state tax claims in the instant case are "debts of the debtor" within the meaning of the statute.  This conclusion is consistent with the United States Supreme Court's liberal construction of the Federal Insolvency Statute in favor of the priority of the claims of the federal government.  *See, e.g., Moore*, 96 S.Ct. at 313-14; *Key*, 90 S.Ct. at 1051.

Decisions in other jurisdictions support our conclusion in this case.  For example, in *United States v. Estate of Young*,

8

592 F.Supp. 1478 (E.D. Pa. 1984), the District Court rejected the state of Pennsylvania's contentions that federal estate taxes were not the decedent's "debts" prior to his death, and that the Federal Insolvency Statute thus did not mandate priority treatment of a federal estate tax lien over the state's inheritance tax lien. In so doing, the District Court stated as follows:

> The Commonwealth's attempt to impose a narrow construction upon § 3713 must fail. As a measure designed to protect the public fisc, § 3713 "'is to be construed liberally. Its purpose is not to be defeated by unnecessarily restricting the application of the word "debts" within a narrow or technical meaning.'"

*Estate of Young*, 592 F.Supp. at 1484 (citing *County of Spokane, Washington v. United States*, 279 U.S. 80, 93, 49 S.Ct. 321, 324, 73 L.Ed. 621 (1929)(quoting *Price v. United States*, 269 U.S. 492, 500, 46 S.Ct. 180, 181, 70 L.Ed. 373 (1926))). The *Young* Court also noted that

> In the context of antecedent state-created liens, the priority statute provides the federal government [with] a particularly potent weapon. Against such encumbrances, the federal claim is entitled to prevail unless the prior lienor can meet a test of "choateness" approaching actual possession of the collateral.... "In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor."

*Estate of Young*, 592 F.Supp. at 1483-84 (quoting *United States v. Gilbert Associates, Inc.*, 345 U.S. 361, 366, 73 S.Ct. 701, 704,

9

97 L.Ed. 1071 (1953)). Circumstances evidencing such specificity clearly are not present in the instant case.

The issue of the relative priority of a federal estate tax lien and a state inheritance tax lien has also been addressed by a New Jersey appellate court. In the case of *In the Matter of the Estate of Kurth*, 449 A.2d 546 (N.J.Super.Ct.App.Div. 1982), the State of New Jersey -- much like the Department of Revenue in this case -- contended that the competing liens had attached simultaneously at the decedent's death; that the liens shared equal priority; that the Federal Insolvency Statute did not apply because the federal estate tax was not a debt of the decedent during his lifetime; and that the claims should be satisfied on a *pro rata* basis, pursuant to a New Jersey statute. The Court in *Kurth* rejected the state's position, however, holding that federal estate taxes fall within the ambit of the statute, thus giving the United States priority where the estate is insufficient to pay its debts. *Id.* at 547. The Court also noted that 31 U.S.C.A. § 191 (now § 3713(a)) must be read *in pari materia* with 31 U.S.C.A. § 192 (now § 3713(b)), which speaks in terms of debts due from debtors as well as estates.[6]

We agree with the analysis set forth in the two cases discussed above. Accordingly, we hold that § 3713 does apply to

---

[6]31 U.S.C.A. § 3713(b) provides as follows:

> A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

the competing claims in the instant case.[7]  The Department of Revenue has not demonstrated that its inheritance tax lien is in some way exempt from operation of the statute.  Thus, under the circumstances of this case, application of § 3713 mandates the priority distribution of the assets of this insolvent estate to satisfy as much of the federal tax lien as possible.  This mandate means that the United States is entitled to the entirety of the remaining funds of the Estate.

In view of this conclusion, we deem it unnecessary to address the Department of Revenue's argument that the United States failed to prove the existence of the separate income tax component of its overall tax lien.  By the same token, we need not address the United States' contention that the Department of Revenue has waived the right to challenge the United States' claim of priority for its lien for income taxes by failing to make any argument specifically regarding that claim.

---

[7]The Department of Revenue also contends that, even if § 3713 applies to debts of a decedent's estate, the statute's application nevertheless is limited.  The Department of Revenue argues that it "does not specifically address federal tax lien priorities," which are instead set forth at 26 U.S.C.A. § 6321, *et seq.*  It relies in part upon the case of *United States v. Estate of Romani*, 523 U.S. 517, 118 S.Ct. 1478, 140 L.E.2d, 710 (1998), in which the Supreme Court held that an exception to the absolute priority of § 3713 exists in the case of a judgment creditor's previously-filed lien that falls within the scope of 26 U.S.C.A. § 6323(a).  That section provides, in pertinent part, that the general federal tax lien set forth at 26 U.S.C.A. § 6321 "shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof" is properly recorded.  However, prior decisions of the Supreme Court indicate that state and local tax liens are not "judgment liens" and do not fall within the scope of 26 U.S.C.A. § 6323(a).  *See United States v. Gilbert Associates, Inc.*, 345 U.S. 361, 363-65, 73 S.Ct. 701, 97 L.Ed. 1071 (1953) (holding that the existence of a local tax lien does not make the taxing entity a "judgment lien creditor" under the predecessor to § 6323.); *see also United States v. City of New Britain*, 347 U.S. 81, 88, 74 S.Ct. 367, 98 L.Ed. 520 (1954) ("There is nothing in the language of [the predecessor to § 6323] to show that Congress intended antecedent federal tax liens to rank behind any but the specific categories of interests set out therein, and the legislative history lends support to this impression.")  Thus, the *Romani* decision is not applicable to the facts of this case.  The Department of Revenue's argument on this point is without merit.

11

Furthermore, our conclusion that § 3713 is applicable to the facts of this case renders discussion of the parties' arguments concerning the federal lien statutes, 26 U.S.C.A. § 6321, *et seq.,* unnecessary as well.

IV

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for such further proceedings as are necessary, consistent with this opinion.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.